Ellen JOHNSON and Henry Johnson

v.

HOSPITAL OF the MEDICAL COLLEGE OF PENNSYLVANIA, James O. Finnegan, M.D., Paul Rodigas, M.D., Verneda M. Lights, M.D., Godson Kotia, M.D. and American Red Cross.

Civ. A. No. 93–0388.

United States District Court, E.D. Pennsylvania.

June 30, 1993.

Richard T. Kupersmith, Weinstein, Goss, Katzenstein, Schleifer & Eisenberg Assoc., Philadelphia, PA, for plaintiffs.

Arthur M. Toensmeier, Post & Schell, P.C., Richard L. McMonigle, Jr., McKissock & Hoffman, P.C., Howard M. Klein, Patricia M. Hamill, Conrad, O'Brien, Gellman & Rohn, P.C., Philadelphia, PA, for defendants.

### MEMORANDUM AND ORDER

SHAPIRO, District Judge.

Plaintiffs Ellen and Henry Johnson allege that Mrs. Johnson was negligently infected with the AIDS virus by a blood transfusion during surgery in 1983. The Johnsons initiated this action in the Court of Common Pleas, Philadelphia County. When the Johnsons amended their complaint to include the American Red Cross ("Red Cross") as a de-

fendant, the Red Cross removed the case to this court under 28 U.S.C. §§ 1441, 1446.[1]

Plaintiffs and all the defendants except for the Red Cross have demanded a jury trial. Defendant Red Cross filed a motion to strike plaintiffs' demand for a jury trial. The motion will be granted, but the jury empaneled to decide the issues between plaintiffs and the other defendants will serve as an advisory jury on the issues between plaintiffs and defendant Red Cross, in accordance with Fed.R.Civ.P. 39(c).

### I.

"It has long been settled that the Seventh Amendment right to trial by jury does not apply in actions against the Federal Government." *Lehman v. Nakshian,* 453 U.S. 156, 160, 101 S.Ct. 2698, 2701, 69 L.Ed.2d 548 (1981).[2] To waive this immunity, Congress must "clearly and unequivocally" grant the right to a jury trial. *Lehman,* 453 U.S. at 162, 101 S.Ct. at 2702.

The Red Cross contends it is immune as a federal corporation/patriotic society chartered under 36 U.S.C. § 1, *et seq.* Plaintiffs contend that the Red Cross lacks sufficient connection with the United States Government to claim federal immunity. While some courts have subjected the Red Cross to trial by jury, *Doe v. American National Red Cross,* No. 91–03–CIV–3–BR (E.D.N.C. August 5, 1992) (order striking defendants motion for a non-jury trial); *Bentz v. American Red Cross,* No. 88–7608, 1990 WL 94011, 1990 U.S.Dist. LEXIS 8188 (E.D.Pa. July 3, 1990) (jury verdict awarding damages against the Red Cross), *aff'd.,* 932 F.2d 958 (3d Cir. 1991), others have refused to do so, *Marella v. Brandywine Hospital,* No. 92–4207 (E.D.Pa. June 3, 1993) (order granting Red Cross's motion for non-jury trial). Plaintiff claims that the Ohio Court of Appeals decided this issue in *State ex rel. American Na-*

---

**1.** The Red Cross's charter confers original federal jurisdiction in all actions involving the Red Cross and it may remove from state to federal court any state-law action it is defending. *American National Red Cross v. S.G.,* —— U.S. ——, 112 S.Ct. 2465, 120 L.Ed.2d 201 (1992).

**2.** In explaining why sovereign immunity overcomes the presumption in favor of trial by jury,

the Court wrote, "The reason that the Seventh Amendment presumption in favor of jury trials does not apply in actions against the United States is that the United States is immune from suit, and the Seventh Amendment right to a jury trial, therefore, never existed with respect to a suit against the United States." *Lehman,* 453 U.S. at 162 n. 9, 101 S.Ct. at 2702 n. 9.

*tional Red Cross v. Judge Thomas J. Pokorny*, 79 Oh.App.3d 419, 607 N.E.2d 524 (1992), but there the court merely refused to grant a writ of prohibition. In any event, that case is not binding precedent.

Federally chartered organizations must have sufficient connection with the federal government to be covered by *Lehman*. *See Young v. U.S. Postal Service*, 698 F.Supp. 1139 (S.D.N.Y.1988) (no jury in action against the United States Postal Service, a federally chartered organization with federal funding and civil service employees), *mandamus denied, In re Young*, 869 F.2d 158, 159 (2d Cir.1989); *Jones–Hailey v. T.V.A.*, 660 F.Supp. 551 (E.D.Tenn.1987) (no jury in action against the Tennessee Valley Authority, a federally chartered corporation acting as an instrumentality and agency of the government, with directors appointed by the President). *Contra Hanna v. Federal Land Bank Association of Southern Illinois*, 903 F.2d 1159 (7th Cir.1990) (right to jury trial in action against the Production Credit Association and the Federal Land Bank Association, federally chartered banks owned and operated by private citizens).

In *Department of Employment v. United States*, 385 U.S. 355, 87 S.Ct. 464, 17 L.Ed.2d 414 (1966), the Supreme Court stated, "Although there is no simple test for ascertaining whether an institution is so closely related to governmental activity as to become a tax-immune instrumentality, the Red Cross is clearly such an instrumentality." *Id.* at 358–59, 87 S.Ct. at 467. The Court based this conclusion on several factors: the Red Cross charter provides for a regular financial audit by the Department of Defense; the President appoints the principal officer and seven of the other 49 governors; the Red Cross meets this country's obligations under various international treaties and performs "a wide variety of functions indispensable to the workings of our Armed Forces around the globe"; and the federal government has provided "substantial material assistance" to the Red Cross by providing a federal build-

ing for the organization's permanent headquarters.

Time and again, both the President and the Congress have recognized and acted in reliance upon the Red Cross's status as an *arm of the Government*. In those respects in which the Red Cross differs from the usual government agency—e.g., in that its employees are not employees of the United States, and that government officials do not decide its everyday affairs—the Red Cross is like other institutions—e.g., national banks—whose status as tax-immune instrumentalities of the United States is beyond dispute.

*Id.* at 359–60, 87 S.Ct. at 467 (emphasis added).[3]

Courts have consistently granted the Red Cross federal government exemptions. *See U.S. v. City of Spokane*, 918 F.2d 84, 86–88 (9th Cir.1990) (Red Cross immune from state and local taxation of lawfully conducted gambling activities), *cert. denied,* —— U.S. ——, 111 S.Ct. 2888, 115 L.Ed.2d 1053 (1991); *Doe v. American National Red Cross*, No. 91–03–CIV–3–BR, 1992 U.S.Dist. LEXIS 11611, at *2 (E.D.N.C. January 30, 1992) (order denying plaintiff's motion to amend its complaint to assert a claim for punitive damages because the Red Cross is a federal instrumentality exempt from punitive damages).

The Court of Appeals for the Ninth Circuit has held that the Red Cross is not a federal agency covered by the Freedom of Information Act (FOIA), *Irwin Memorial Blood Bank v. American National Red Cross*, 640 F.2d 1051, 1053–54 (9th Cir.1981), but nonetheless has rejected the argument that the Red Cross is not a tax exempt instrumentality. *City of Spokane*, 918 F.2d at 88. The court wrote:

To extrapolate from that holding [rejecting FOIA request] to the area of law which we must deal with here [tax exemption] would be a serious logical and semantic error. It would insist that an entity incorporated by an act of Congress to carry out *essentially public functions* is not exempt from taxation as it struggles to accomplish those

---

3. For a discussion of the legal status of the Red Cross, see Wesley A. Sturges, *The Legal Status of the Red Cross*, 56 Mich.L.Rev. 1 (1957).

purposes. It would insist upon that even when the entity's activities are lawful, necessary and in pursuit of its duties as an instrumentality of the United States.

*Id.* at 88 (emphasis added).

The Red Cross has sufficient connection with the federal government to have the same immunity to trial by jury as the federal government.

## II.

■ Plaintiffs contend that even if the Red Cross is a federal instrumentality, the "sue and be sued" language in its charter waives any sovereign immunity to trial by jury.[4] *Lehman* requires that Congress " 'affirmatively and unambiguously' " grant the right to trial by jury for this right to apply in actions against the federal government. *In Re Young,* 869 F.2d 158, 159 (2d Cir.1989) (quoting *Lehman,* 453 U.S. at 168, 101 S.Ct. at 2705). A "sue and be sued" clause in the charter of a federal instrumentality like the U.S. Postal Service waives immunity to suit, but is not an affirmative and unambiguous statement waiving immunity to trial by jury. *Id.* at 159. Similarly, the "sue and be sued" clause in the Red Cross's charter waives immunity to suit but does not waive its immunity to trial by jury.

The court grants Defendant American Red Cross's Motion to Strike Plaintiffs' Demand for Trial by Jury. The jury empaneled to decide the issues between plaintiffs and the other defendants will serve as an advisory jury on the issues between plaintiffs and defendant Red Cross in accordance with Fed. R.Civ.P. 39(c). An appropriate order follows.

### *ORDER*

**AND NOW,** this 30th day of June, 1993, for the reasons stated in the accompanying memorandum, it is **ORDERED** that:

1. Defendant American Red Cross's Motion to Strike Plaintiffs' Demand for Trial by Jury is **GRANTED.**

2. The issues between plaintiffs and defendant American National Red Cross will be tried with an advisory jury under Fed. R.Civ.P. 39(c).

3. The issues between plaintiffs and defendants Hospital of the Medical College of Pennsylvania, Finnegan, Lights, and Kotia will be tried to a jury.

4. The court's order of April 26, 1993, severing and staying this action as to defendant Rodigas, remains in effect.

---

4. The charter reads in relevant part, "The name of this corporation shall be 'The American National Red Cross', and by that name it shall have perpetual succession, with the power to sue and be sued in courts of law and equity, State or Federal, within the jurisdiction of the United States...." 36 U.S.C. § 2.