THE STATE EX REL. KOREN, APPELLEE, *v.* GROGAN, JUDGE, APPELLANT.

[Cite as *State ex rel. Koren v. Grogan* (1994), 68 Ohio St.3d 590.]

(No. 93–285—Submitted January 25, 1994—Decided March 30, 1994.)

Bernard, Haffey & Bohnert Co., L.P.A., J. Ross Haffey, Jr. and S. Michael Lear, for appellee.

Steven C. LaTourette, Lake County Prosecuting Attorney, and Kimberly A. Mahaney, Assistant Prosecuting Attorney, for appellant.

*Per Curiam.* In order to obtain a writ of prohibition, relator must prove: (1) that the court or officer against whom the writ is sought is about to exercise judicial or quasi-judicial power, (2) that the exercise of that power is unauthorized by law, and (3) that denying a writ will result in injury for which no other adequate remedy exists in the ordinary course of law. *State ex rel. Ruessman v. Flanagan* (1992), 65 Ohio St.3d 464, 465, 605 N.E.2d 31, 33. The parties agree that the first prong of the foregoing test is met here, *i.e.*, appellant is about to exercise judicial power over the criminal case concerning appellee's involvement in the two-car collision. The court of appeals determined that the remaining two prerequisites for the issuance of a writ of prohibition were also met.

Appellant in his first proposition of law contends that his exercise of municipal court jurisdiction is authorized by law since not all the requirements for granting appellee transactional immunity were met. R.C. 2945.44(A) provides:

"In any criminal proceeding in this state * * *, if a witness refuses to answer or produce information on the basis of his privilege against self-incrimination, the court of common pleas of the county in which the proceeding is being held, unless it finds that to do so would not further the administration of justice, shall compel the witness to answer or produce the information, if both of the following apply:

"(1) The prosecuting attorney of the county in which the proceedings are being held makes a written request to the court of common pleas to order the witness to answer or produce the information, notwithstanding his claim of privilege;

"(2) *The court of common pleas informs the witness that by answering, or producing the information he will receive immunity under division (B) of this section.*" (Emphasis added.)

The mandate of the statute is clear: immunity may not be granted unless (1) the witness refuses to answer on the basis of his privilege against self-incrimination, (2) the prosecuting attorney makes a written request to order the witness to answer, and (3) the court informs the witness he will receive transactional immunity. *State ex rel. Leis v. Outcalt* (1982), 1 Ohio St.3d 147, 149, 1 OBR 181, 183, 438 N.E.2d 443, 446. Appellant does not dispute that the first two requirements of R.C. 2945.44(A) were met here; instead, he claims that the Cuyahoga County Court of Common Pleas failed to inform appellee that he would receive transactional immunity, instead informing him that he would receive use immunity.

Transactional immunity protects the witness from prosecution for any criminal activity about which he testified within the limits of the grant, whereas use immunity protects the witness only from having the specific compelled testimony or the information directly or indirectly derived from the compelled testimony used as evidence against him in a later prosecution. 1 Anderson's Ohio Criminal

Practice and Procedure (2 Ed.1991) 231, Section 52.101. Ohio courts may grant only transactional immunity and not use immunity. *Leis, supra,* at 148, 1 OBR at 183, 438 N.E.2d at 446. Appellant emphasizes that portion of the common pleas court's colloquy with appellee where it stated that, "[t]his means that your testimony here cannot be utilized in the pending matter which you now, sir, are under indictment for." This improperly refers to use immunity.

Appellant contends that similarly, in *Outcalt,* the court granted use immunity and thereby erred. However, the common pleas court in *Outcalt* never purported to grant transactional immunity pursuant to R.C. 2945.44. Conversely, in the case at bar, the trial court expressly informed appellee that he was being granted transactional immunity under R.C. 2945.44 and that such immunity provided that he "shall not be prosecuted or subjected to any criminal penalty in the courts of this state for or on account of any transaction or matter concerning which, in compliance with the order, you give an answer or produce information." Although the court of appeals erroneously focused on the common pleas court's "intent" rather than on what it actually informed appellee, it is apparent that the common pleas court *did* inform appellee of his transactional immunity and that appellee *was* entitled to the immunity provided by R.C. 2945.44(B). The fact that in so informing appellee the common pleas court erroneously added a "use immunity" instruction should not derogate from this result. Indeed, the reach of the immunity provided pursuant to R.C. 2945.44 in effect subsumes the more limited use immunity. See, *e.g., State v. Thompson* (1992), 62 Ohio Misc.2d 555, 559–560, 607 N.E.2d 118, 121. Consequently, appellant's first proposition of law lacks merit.

Appellant in his second proposition of law asserts that a grant of R.C. 2945.44 immunity does not totally divest the court of jurisdiction over the person to whom the immunity has been granted so as to constitute a patent and unambiguous lack of jurisdiction. Appellant contends that "while a grant of immunity may act as a shield around the Relator to protect him from prosecution, it does not cause a court to lose either personal or subject matter jurisdiction over a defendant" and that "[t]he trial court should be permitted the opportunity to determine whether the alleged immunity prevents the prosecution of said defendant altogether."

Where there is a total want of jurisdiction on the part of a court, a writ of prohibition will be allowed. *State ex rel. Adams v. Gusweiler* (1972), 30 Ohio St.2d 326, 59 O.O.2d 387, 285 N.E.2d 22, paragraph two of the syllabus. In other words, a writ of prohibition will issue where there is a patent and unambiguous restriction on the jurisdiction of the court which clearly places the dispute outside the court's jurisdiction. *State ex rel. Ruessman v. Flanagan, supra,* 65 Ohio St.3d at 466, 605 N.E.2d at 34. Therefore, even though appellant possesses "basic statutory jurisdiction" to proceed pursuant to R.C. 1901.20, prohibition

may lie where such jurisdiction exists if another statute patently and unambiguously takes away that jurisdiction. *State ex rel. Sanquily v. Lucas Cty. Court of Common Pleas* (1991), 60 Ohio St.3d 78, 80, 573 N.E.2d 606, 609 (although R.C. 2305.01 gives common pleas courts original jurisdiction in civil matters generally, R.C. 2743.02[F] patently and unambiguously takes it away from them in a specific class of civil cases).

Appellant's second proposition thus presents the narrow issue of whether R.C. 2945.44(B) "patently and unambiguously" divests the municipal court of its general R.C. 1901.20 jurisdiction to proceed. R.C. 2945.44(B) provides:

"If, but for this section, the witness would have been privileged to withhold an answer or any information given in any criminal proceeding, and he complies with an order under division (A) of this section compelling him to give an answer or produce any information, *he shall not be prosecuted or subjected to any criminal penalty in the courts of this state* for or on account of any transaction or matter concerning which, in compliance with the order, he gave an answer or produced any information." (Emphasis added.)

In general, immunity is an affirmative defense, which must be raised and proven, *i.e.*, it usually does not affect the jurisdiction of the court. See, *e.g., Goad v. Cuyahoga Cty. Bd. of Commrs.* (1992), 79 Ohio App.3d 521, 523–524, 607 N.E.2d 878, 880; *Mitchel v. Borton* (1990), 70 Ohio App.3d 141, 145, 590 N.E.2d 832, 835; *White v. Goldsberry* (Dec. 4, 1992), Athens App. No. CA–1525, unreported, 1992 WL 368801. Conversely, the court has allowed a writ of prohibition to prevent the disclosure of privileged matter. *State ex rel. Lambdin v. Brenton* (1970), 21 Ohio St.2d 21, 50 O.O.2d 44, 254 N.E.2d 681.

Nevertheless, none of the foregoing cases involves the specific statute here, R.C. 2945.44(B). The court of appeals here determined that R.C. 2945.44(B) divested the municipal court of jurisdiction to proceed in the pending criminal matter against appellee:

" * * * Although respondent has general statutory jurisdiction to hear misdemeanor cases pursuant to R.C. 1901.20 * * *, this jurisdiction is necessarily limited by R.C. 2945.44, which patently immunizes witnesses in specific instances from the jurisdiction of the courts of this state.

"It would be incongruous to conclude, in light of the plain language of R.C. 2945.44, that a grant of immunity pursuant to R.C. 2945.44 by one court is operative only at the discretion of some other court. The statute directs otherwise and we conclude that respondent unambiguously lacks authority to preside over the trial of relator because he is immune from prosecution pursuant to R.C. 2945.44."

Although R.C. 2945.44(B) does not specify that it divests courts of "jurisdiction" to proceed as does the statute in *Sanquily*, R.C. 2945.44(B) *does* manifestly prevent the prosecution or criminal liability of a defendant accorded transactional immunity under that statute. Under the limited circumstances involved here, the court of appeals properly issued a writ of prohibition.

Appellant cites *State ex rel. Am. Natl. Red Cross v. Pokorny* (1992), 79 Ohio App.3d 419, 607 N.E.2d 524, in support of his second proposition, contending that the same court of appeals therein refused to issue a writ of prohibition where relator claimed *sovereign immunity* prevented respondent from proceeding with a jury trial in which relator was a defendant. However, the *Pokorny* court emphasized at 422, 607 N.E.2d at 526, that the immunity claimed by relator in that case was limited to " 'immunity from state taxation' " and did not provide immunity from a jury trial. By contrast, appellee here was immune from prosecution and any criminal liability in the municipal court proceeding. Therefore, although we agree with appellant that, generally, immunity issues are better resolved by trial courts and through the orderly process of appeal rather than through the extraordinary remedy of prohibition, we find under the unique, limited circumstances at bar, appellant's second proposition of law is also meritless.

Appellant in his third proposition of law asserts that the court of appeals erred in issuing a writ of prohibition since appellee had an adequate remedy via appeal of the immunity issue. However, the presence of an adequate remedy at law is immaterial where the court patently and unambiguously lacks jurisdiction to act. *Sanquily, supra*, 60 Ohio St.3d at 79–80, 573 N.E.2d at 608; *State ex rel. LTV Steel Co. v. Oryshkewych* (1992), 65 Ohio St.3d 462, 463, 605 N.E.2d 30, 31. Based upon the disposition of appellant's second proposition, appellant's third proposition must also fail.

Therefore, the court of appeals did not err in issuing a writ of prohibition. Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

MOYER, C.J., not participating.