[This opinion has been published in *Ohio Official Reports* at 73 Ohio St.3d 1211.]

SHAPER, APPELLANT, *v*. TRACY, TAX COMMR., APPELLEE.

[Cite as *Shaper v. Tracy*, 1995-Ohio-37.]

*Civil procedure—Court may not dismiss a case, via a motion to dismiss, on res judicata grounds—Res judicata raises merit questions that are to be resolved in a merit decision.*

(No. 95-389—Submitted July 26, 1995—Decided October 11, 1995.)

APPEAL from the Board of Tax Appeals, No. 93-X-1032.

ON MOTION to DISMISS or AFFIRM.

_____

{¶ 1} Serene G. Shaper, appellant, filed a declaratory judgment action in Cuyahoga County Common Pleas Court, later venued in the Franklin County Common Pleas Court, seeking to declare R.C. 5747.01(A)(1) to be in violation of the federal Commerce Clause for particular income she received from 1988 through 1991. The common pleas court found the statute to be constitutional, and Shaper appealed to the Franklin County Court of Appeals. The appellate court affirmed the lower court's decision, and Shaper filed a motion for a writ of certiorari with this court. This court declined jurisdiction on March 1, 1995.

{¶ 2} Shaper also filed amended income tax returns for tax years 1988 through 1991 with the Tax Commissioner, appellee, challenging the constitutionality of the statute. The commissioner, after Shaper had later filed applications for personal income tax refunds for these years, denied the refunds. Shaper appealed to the Board of Tax Appeals ("BTA"), and the BTA affirmed the commissioner's order. Shaper filed an appeal of this decision to this court on February 17, 1995, twelve days before the court declined jurisdiction in the declaratory judgment appeal.

{¶ 3} This cause is before this court upon the commissioner's motion to dismiss or affirm the BTA's decision on *res judicata* and/or collateral estoppel grounds.

———————————

*Krislov & Associates Ltd.* and *Clinton A Krislov; Moses Krislov Co., L.P.A., and Moses Krislov; Benesch, Friedlander, Coplan & Aronoff* and *Leon Friedberg*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Lawrence D. Pratt*, Assistant Attorney General, for appellee.

———————————

*Per Curiam.*

{¶ 4} The commissioner argues that this court's decision to decline jurisdiction in the declaratory judgment action is conclusive as to the issues in the BTA case and bars this court from considering the instant appeal. Shaper responds that the declaratory judgment decision and the BTA decision deal with different issues.

{¶ 5} A motion to dismiss is not the proper method to resolve the question posited by the commissioner. According to *State ex rel. Freeman v. Morris* (1991), 62 Ohio St.3d 107, 109, 579 N.E. 2d 702, 703, *res judicata* is an affirmative defense. According to *State ex rel. Koren v. Grogan* (1994), 68 Ohio St.3d 590, 594, 629 N.E. 2d 446, 450, an affirmative defense must be raised and proved, and it usually does not affect the jurisdiction of the court. Further, according to *Freeman*, the court may not dismiss a case, via a motion to dismiss, on *res judicata* grounds.

{¶ 6} Accordingly, we deny the "motion to dismiss or affirm."

*Motion denied.*

MOYER, C.J., WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER AND COOK, JJ., CONCUR.

DOUGLAS, J., dissents.

————————————