I concur with the decision reached by the majority, but write separately to set forth my reasons for reaching this determination.
Regarding the action already undertaken by the Cuyahoga County Board of Elections, Hartman contends that two board members, Thomas Coyne and Robert T. Bennett voted to reverse their prior decision and to remove his name from the ballot. Hartman alleges the Board has used its power in a manner unauthorized by law. However, regardless of whether the power had been exercised improperly, no adverse consequence has befallen Hartman as a result of Board action. He remains a candidate on the ballot at this time. Therefore, I concur with the majority opinion insofar as the Board of Elections is concerned because no justifiable issue exists since after the Board action, he remains a candidate on the ballot.
Regarding the Secretary of State, however, in my view, the analysis is different. It is generally recognized that to prevail on a Writ of Prohibition, the Relator must establish three elements: 1) that the court or officer against whom the writ is sought is about to exercise judicial or quasi-judicial power, 2) that the exercise of that power is unauthorized by law, and 3) that denying a writ will result in injury for which no other adequate remedy exists in the ordinary course of the law.State ex rel Ruessman v. Flanagan (1992), 65 Ohio St.3d 464; State exrel. Koren v. Grogan (1994), 68 Ohio St.3d 590; Goldstein v.Christionsen 1994), 70 Ohio St.3d 232.
Here, Hartman is unable to demonstrate that the Secretary of State is about to exercise quasi-judicial power that is unauthorized by law. The Secretary of State is the statutorily designated official empowered by law to decide when a local board of elections reaches a tie vote. R.C.3501.11 provides in part:
 In all cases of a tie vote * * * the director or chairman shall submit the matter in controversy * * * to the secretary of state, who shall summarily decide the question and the secretary of state's decision shall be final.
Therefore, because R.C. 3501.11 authorizes the Secretary of State to act in this instance, Hartman cannot establish the elements necessary to obtain a writ of prohibition. For these reasons, I concur with the decision to dismiss this complaint for a writ of prohibition.