OPINION
This appeal is brought by James L. McClellan from the judgment of the Court of Common Pleas, Allen County, sentencing him to twelve months incarceration for the unlawful possession of crack cocaine.
The record presents the following facts. In the early morning hours of March 23, 2001 Trooper Travis Hughes of the Ohio State Highway Patrol observed a small blue car traveling southbound on Main Street in Lima, Ohio. The car appeared to be exceeding the posted speed limit and as Trooper Hughes followed behind, the driver went through a stop sign without stopping, made a left hand turn without signaling, and then made a right hand turned again without signaling. Trooper Hughes initiated a traffic stop of the vehicle.
Once stopped, the trooper identified the driver as the defendant-appellant James McClellan. As McClellan was retrieving his registration, the trooper noticed a baggie of what appeared to be marijuana protruding from the right breast pocket of McClellan's shirt. The trooper asked McClellan to step out of the vehicle. The defendant thereafter explained that the driver's side door was broken so he would have to exit through the passenger side.
McClellan's female passenger, Sharon Fisher, exited the vehicle so that he could get out. As the defendant started to move across the front seat, Trooper Hughes observed the defendant reach with his right hand down between the seat and console.
The trooper put McClellan into his patrol car and called for back up. Once the back up units arrived the troopers conducted a search of McClellan's car which resulted in the retrieval of a small baggie of crack cocaine from the area of the defendant's car where he had reached while exiting the vehicle. The trooper showed the baggie to McClellan who bowed his head in response and later made unsolicited incriminating statements to Trooper Hughes.
On May 17, 2001 McClellan was indicted on one count of possession of crack cocaine in violation of R.C. 2925.11(A)(C)(4)(b), felony of the fourth degree. On September 4, 2001 a bench trial was held in the case. During its case in chief the defense called Sharon Fisher to the stand and attempted to elicit an admission that the crack cocaine found in McClellan's car was really hers. In response, Fisher invoked her Fifth Amendment right to remain silent. On cross examination, Fisher continued to invoke her right to remain silent as the prosecution questioned her on the issue of the contraband's ownership.
After Fisher's testimony, McClellan took the stand and denied that the drugs were his. He further denied making the incriminating statements to Trooper Hughes. Subsequently, the trial court found the defendant guilty as charged and sentenced him to a one-year prison term.
Appellant raises the following assignment of error:
 The Appellant was denied a fair trial when the prosecutor failed to request and the trial court failed to grant immunity to a witness.
In his sole assignment of error McClellan argues that he was denied a fair trial because the trial court failed to grant the witness Sharon Fisher transactional immunity. "Transactional immunity" protects a witness from prosecution for any criminal activity about which she testifies within the limits of the grant. State ex rel. Koren v.Grogan (1994), 68 Ohio St.3d 590. Transactional immunity is a concept created by statute and thus exists only within the bounds of the statue. Ohio's transactional immunity statute, R.C. 2945.44, provides:
 (A) In any criminal proceeding in this state or in any criminal or civil proceeding * * * if a witness refuses to answer or produce information on the basis of his privilege against self-incrimination, the court of common pleas of the county in which the proceeding is being held, unless it finds that to do so would not further the administration of justice, shall compel the witness to answer or produce the information, if both of the following apply:
 (1) The prosecuting attorney of the county in which the proceedings are being held makes a written request to the court of common pleas to order the witness to answer or produce the information, notwithstanding his claim of privilege;
 (2) The court of common pleas informs the witness that by answering, or producing the information he will receive immunity under division (B) of this section.
McClellan argues that Ms. Fisher met all the requirements under R.C.2945.44 to obtain transactional immunity. We find this to be a false assertion. There is no evidence in the record to indicate that anyone, including Ms. Fisher and the defendant-appellant McClellan, requested immunity for Ms. Fisher. Most importantly, the prosecution did not request immunity for Ms. Fisher. Consequently, the requirements of R.C.2945.44 have not been met.
Without a request by the prosecuting attorney pursuant to R.C. 2945.44, the trial court does not have the inherent power to craft transactional immunity. The defendant sought just such a ruling in State v. Landrum
(1990), 53 Ohio St.3d 107 where the Ohio Supreme Court held: "Ohio trial courts do not have authority to grant nonstatutory use immunity to a defense witness at an accused's request." Id. at 120. Relying on the authority of Landrum, we overrule the appellant's assignment of error.
For the reasons stated it is the order of this Court that the judgment of the Court of Court of Common Pleas, Allen County is hereby AFFIRMED.
Judgment affirmed.
HADLEY and WALTERS, JJ., concur.