[Cite as *In re A.W.*, 2012-Ohio-1629.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY


IN RE A.W.

CALVIN CLIFTON WHEELER

　　　*Petitioner*

v.

JENNIFER GADEGBEKU

　　　*Respondent*

Appellate Case No. 25017

---

### DECISION AND FINAL JUDGMENT ENTRY
April ___3rd___, 2012

---

PER CURIAM:

**{¶ 1}** This matter is before the court on Calvin Wheeler's January 31, 2012 petition for a writ of prohibition. Wheeler seeks an order from this Court that prohibits Judge Anthony Capizzi of the Montgomery County Common Pleas Court, Juvenile Division, from issuing an order that commands Wheeler to return the minor child, A.W., to her mother, Jennifer Gadegbeku.

**{¶ 2}** A.W. is the minor child of Wheeler and Gadegbeku, who were never married. It is alleged that A.W. has been living with Wheeler, his wife, and their daughter in Michigan since April 2010.

**{¶ 3}** On March 1, 2011, Wheeler filed a petition for custody of A.W. in the Circuit Court for Ingham County, Michigan, Family Division. Pursuant to an ex-parte order dated March

7, 2011, the Michigan court granted Wheeler temporary sole physical custody of A.W. while Gadegbeku was granted supervised parenting time. The issues of custody, parenting time, and child support were referred to a conciliator for further proceedings.

{¶ 4} Shortly after the March 7, 2011 ex-parte order was issued by the Michigan court, Gadegbeku filed a complaint for custody and motion for an ex-parte order/hearing in the Common Pleas Court of Montgomery County, Ohio, Juvenile Division. On March 17, 2011, the Ohio juvenile court ordered Wheeler to return A.W. to Gadegbeku immediately, finding that:

> The mother is the sole legal custodian pursuant to Ohio Revised Code §3109.04 and therefore remains the sole legal custodian.[1] The father shall return the child to the mother forthwith and any law enforcement officer is authorized to assist the mother in the return of the child to her. The mother and child are both residents of Ohio. The child was removed from the mother by the father without the mother's permission. Father is to apply to Ohio Court for any further relief sought.

{¶ 5} A.W. remained in Wheeler's custody. On June 12, 2011, the Michigan family court adopted a referee's recommendation that Wheeler be granted sole legal and physical custody of A.W. with Gadegbeku entitled to exercise parenting time. The court noted that a question of jurisdiction had been raised due to Gadegbeku receiving an ex-parte order from the Montgomery County, Ohio juvenile court that granted her physical custody of A.W. However, the referee found that Michigan had "home state" jurisdiction under the Uniform Child Custody

---

[1] In its motion to dismiss, Respondent cites R.C. 3109.042 as its basis for jurisdiction to hear custody matters involving unmarried parents. That section states that "[a]n unmarried female who gives birth to a child is the sole residential parent and legal custodian of the child until a court of competent jurisdiction issues an order designating another person as the residential parent and legal custodian."

Jurisdiction and Enforcement Act ("UCCJEA"), as codified in Michigan law. Both Wheeler and Gadegbeku participated in the child-custody proceedings.

{¶ 6}   In an effort to resolve the conflicting custody orders issued by the Michigan and Ohio courts, Wheeler filed a petition for custody in the Montgomery County, Ohio juvenile court on November 18, 2011. The matter proceeded to a hearing before a magistrate on January 23, 2012, the decision from which was adopted by the juvenile court on January 27, 2012. The court found that A.W. had been ordered to be returned to Gadegbeku on March 17, 2012, but Wheeler did not return the child. The court further found that by filing his petition for custody in the Montgomery County court, Wheeler submitted himself to the jurisdiction of the court and, thus, remained under a legal duty to return A.W. forthwith. The court scheduled the issue of custody of A.W. for trial to be held April 20, 2012.

Writ of Prohibition

{¶ 7}   The writ of prohibition has been described as an "extraordinary remedy which is customarily granted with caution and restraint, * * * issued only in cases of necessity arising from the inadequacies of other remedies." *State ex rel. Henry v. Britt*, 67 Ohio St.2d 71, 73, 424 N.E.2d 297 (1981). The purpose of the writ is to restrain lower courts from exceeding their jurisdiction.

{¶ 8}   In order to be entitled to a writ of prohibition, Wheeler must establish "(1) that the court or officer against whom the writ is sought is about to exercise judicial or quasi-judicial power, (2) that the exercise of that power is unauthorized by law, and (3) that denying a writ will result in injury for which no other adequate remedy exists in the ordinary course of law." *Goldstein v. Christiansen*, 70 Ohio St.3d 232, 234-35, 638 N.E.2d 541 (1994), citing *State ex rel. Koren v. Grogan*, 68 Ohio St.3d 590, 629 N.E.2d 446 (1994). In cases "where jurisdiction is patently and

unambiguously lacking, the requirement of the lack of an adequate remedy at law need not be proven, because the availability of alternate remedies like appeal is immaterial." *Rosen v. Celebrezze*, 117 Ohio St.3d 241, 2008-Ohio-853, 883 N.E.2d 420, ¶ 18.

**{¶ 9}** Wheeler argues that Judge Capizzi patently and unambiguously lacked jurisdiction under the UCCJEA to order the return of A.W. since the Circuit Court for Ingham County, Michigan previously granted Wheeler sole physical custody of the child. Respondent, in opposition, contends that Wheeler's petition claims errors in the exercise of the juvenile court's jurisdiction rather than a complete lack of subject-matter jurisdiction.

**{¶ 10}** There is no dispute that the Montgomery County, Ohio juvenile court has jurisdiction to determine custody matters. R.C. 2151.23(A). That authority is subject to the UCCJEA, however, when the matter involves modifying a child-custody determination made by an out-of-state court. In such a situation, R.C. 3127.17 provides:

> Except as otherwise provided in section 3127.18 of the Revised Code, a court of this state may not modify a child custody determination made by a court of another state unless the court of this state has jurisdiction to make an initial determination under division (A)(1) or (2) of section 3127.15 of the Revised Code and one of the following applies:
>
> (A) The court of the other state determines that it no longer has exclusive, continuing jurisdiction under section 3127.16 of the Revised Code or a similar statute of the other state or that a court of this state would be a more convenient forum under section 3127.21 of the Revised Code or a similar statute of the other state.

(B) The court of this state or a court of the other state determines that the child, the child's parents, and any person acting as a parent do not presently reside in the other state.

{¶ 11} With respect to the first requirement, R.C. 3127.15(A) specifies the following jurisdictional grounds for an Ohio court to make an initial determination in a child-custody proceeding:

(A) Except as otherwise provided in section 3127.18 of the Revised Code, a court of this state has jurisdiction to make an initial determination in a child custody proceeding only if one of the following applies:

(1) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state.[2]

(2) A court of another state does not have jurisdiction under division (A)(1) of this section or a court of the home state of the child has declined to exercise jurisdiction on the basis that this state is the more appropriate forum under section 3127.21 or 3127.22 of the Revised Code, or a similar statute of the other state, and both of the following are the case:

(a) The child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than

---

[2] "'Home state'" means the state in which the child lived with a parent or a person acting as a parent for at least six consecutive months immediately preceding the commencement of a child custody proceeding * * * ."   R.C. 3127.01(B)(7).

mere physical presence.

(b) Substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships.

(3) All courts having jurisdiction under division (A)(1) or (2) of this section have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child under section 3127.21 or 3127.22 of the Revised Code or a similar statute enacted by another state.

**{¶ 12}** Respondent contends that it expressly found in its March 17, 2011 order that A.W.'s "home state" is Ohio because both A.W. and Gadegbeku are residents of Ohio, and A.W. was removed from Ohio by Wheeler without Gadegbeku's permission. R.C. 3127.22 governs the effect of unjustifiable conduct upon the jurisdiction of an Ohio court. "Subsection (A) of the statute generally states that any court of our state should decline to exercise its authority over a custody matter when the acts forming the foundation of its jurisdiction constituted unjustifiable conduct." *McGhan v. Vettel*, 11th Dist. Ashtabula No. 2008-A-0036, 2008-Ohio-6063, ¶ 37. This is not a situation where either party has invoked the Ohio court's jurisdiction by engaging in unjustifiable conduct. Instead, by finding that it has home-state jurisdiction, the juvenile court's order presumes that Wheeler improperly, and with unjustifiable conduct, invoked the jurisdiction of the Michigan family court, thereby nullifying the effect of its custody determination.

**{¶ 13}** Respondent's jurisdictional argument is flawed. Although the court does not expressly utilize R.C. 3127.22(A), the procedure therein "cannot be employed in a second court to contest the validity of the original order. In other words, it must be assumed that, if applicable, the issue of unjustifiable conduct was raised and fully litigated in the first court before the original

decision was made." *Id*. at ¶ 39. The Montgomery County juvenile court may not simply ignore the custody determination of the Michigan family court on the basis that Wheeler invoked the Michigan court's jurisdiction by way of unjustifiable conduct. That court was competent to fully litigate this and other issues raised by the parties. After hearing testimony from both parties and multiple witnesses regarding the length of time and circumstances under which A.W. had been living in Michigan prior to Wheeler filing his complaint for custody in the Ingham County family court, the court made the following determination that it had home-state jurisdiction to hear the case:

> 3. Jurisdiction: Referee finds that the parties' child [A.W.] resided in the state of Michigan since on or about April 29, 2010, which is more than six consecutive months prior to Plaintiff filing a Verified Complaint for Custody on March 1, 2011. Referee finds that pursuant to MCL722.1102(g), the state of Michigan has "home state" jurisdiction under the UCCJEA as follows: "Home state" means the state in which a child lived with a parent or a person acting as a parent for at least six months immediately before the commencement of a child-custody proceeding. June 12, 2011 Referee Recommendation and Order Regarding Plaintiff's Complaint for Custody and Objections to the Conciliator's Recommendation.

**{¶ 14}** We find that the facts alleged in Wheeler's petition establish that Michigan was the home state of A.W. prior to Wheeler filing his complaint for custody on March 1, 2012. R.C. 3127.15(A)(1); MCL722.1102(g). As a result, the Montgomery County juvenile court lacked the authority to modify the Michigan court's March 7, 2011 custody order because the Ohio court

did not have jurisdiction at that point to make an initial determination in the custody matter. R.C. 3127.17.

{¶ 15} Nor does the fact that Respondent found Gadegbeku to be the sole custodian of the child under R.C. 3109.042 result in a different conclusion. That statute states that "[a]n unmarried female who gives birth to a child is the sole residential parent and legal custodian of the child until a court of competent jurisdiction issues an order designating another person as the residential parent and legal custodian." We find that the Michigan family court's custody determination is an order by a court of competent jurisdiction designating a person other than Gadegbeku the custodian of A.W.

{¶ 16} Finally, contrary to Respondent's argument, this is not a case where the petition has raised claims amounting to mere error in the trial court's jurisdiction. *State ex rel. Florence v. Zitter*, 106 Ohio St.3d 87, 2005-Ohio-3804, ¶ 26. The Montgomery County, Ohio juvenile court's lack of jurisdiction under the UCCJEA "is a defect in the Ohio court's subject-matter jurisdiction." *Rosen*, 117 Ohio St.3d 241, 2008-Ohio-853, 883 N.E.2d 420, at ¶ 44. R.C. 3127.15(A) sets forth the exclusive jurisdictional basis for making a child custody determination by a court of Ohio. *See* R.C. 3127.15(B).

{¶ 17} In conclusion, we find that the Montgomery County juvenile court lacked jurisdiction to make an initial custody determination in its March 17, 2011 order. Accordingly, we hereby GRANT Wheeler's petition for a writ of prohibition to prevent Judge Capizzi from proceeding with the issue of child custody in the underlying case. Respondent's motion to dismiss is OVERRULED. Custody of A.W. shall remain with Wheeler pursuant to the determination made by the Circuit Court for Ingham County, Michigan.

9

SO ORDERED.



_THOMAS J. GRADY, Presiding Judge

_

MIKE FAIN, Judge



_JEFFREY E. FROELICH, Judge



        To The Clerk: Within three (3) days of entering this judgment on the journal, you are directed to serve on all parties not in default for failure to appear notice of the judgment and the date of its entry upon the journal, pursuant to Civ.R. 58(B).


THOMAS J. GRADY, Presiding Judge



Copies provided to:

Eugene Robinson
Attorney for Petitioner
131 N. Ludlow Street, Suite 304
Dayton, Ohio 45402

John Cumming
Attorney for Hon. Anthony Capizzi
301 W. Third Street, 5th Floor
Dayton, Ohio 45422
Jennifer Gadegbeku
Respondent, Pro Se

4403 Burkhardt Avenue, #C2
Dayton, Ohio 45431

Hon. Anthony Capizzi
Montgomery County Juvenile Court
380 W. Second Street
Dayton, Ohio 45422

CA3/JN