865 F.2d 1259
 57 Fair Empl.Prac.Cas. 1896
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Teddyanne SCHOO, Plaintiff-Appellant,
v.
US POSTAL SERVICE; John C. Holmes; Charles T. Hall;
Jasper Grady; William G. Feland; William Dodson;
Warren Bloomberg, Defendants-Appellees.
 No. 88-1556.
 United States Court of Appeals, Fourth Circuit.
 Argued: Nov. 1, 1988.
Decided: Dec. 27, 1988.
 
 Barbara Lynn Matthews, for appellant.
 David George Karro (Jesse L. Butler, Assistant General Counsel, Office of Labor Law, U.S. Postal Service; Breckinridge L. Willcox, United States Attorney, Roann Nichols, Assistant United States Attorney, on brief), for appellees.
 Before HARRISON L. WINTER, Chief Judge, and MURNAGHAN and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Teddyanne Schoo appeals the judgment of the district court dismissing her title VII action against the United States Postal Service, John C. Holmes, Charles T. Hall, Jasper Grady, William G. Feland, William Dodson and Warren Bloomberg. The district court effectively denied Schoo's Fed.R.Civ.P. 15(c) motion to amend her complaint to name the Postmaster General as a defendant by dismissing it because the Postmaster General was not so named as required by statute. We affirm.
 
 
 2
 Schoo filed a complaint before the Equal Employment Opportunity Commission in 1982 alleging discrimination in her termination from her job in the Baltimore Post Office. In 1985, she appealed the unfavorable decision within the EEOC, which determined that Schoo had no cognizable claim and so advised her in a letter of April 9, 1987, which she received on April 13.[1] The EEOC also advised her that she had thirty days from the date of receipt to file an action in district court.
 
 
 3
 In Schoo's original district court complaint filed on May 13, 1987, she named the United States Postal Service and six individuals as defendants. One of those individuals, John C. Holmes, was her immediate supervisor in Baltimore. Schoo's complaint was mailed to several defendants on May 22, 1987. Holmes received his copy on May 23. To complete her action against the Postal Service, Schoo mailed the summons and complaint to the Baltimore Postmaster on May 22. He received them on May 27.[2] Schoo filed an amended complaint on October 26, 1987 naming the Postmaster General as a defendant pursuant to rule 15(c). This, of course, was beyond the thirty-day limitation period even if that period started upon receipt of the second EEOC notification. In Schoo's rule 15(c) motion, however, she asked that the amended complaint relate back to May 13, 1987, the date she filed her original complaint. The district court, ruling that the Postmaster General had not received the required rule 15(c) notice of the original complaint, disallowed the amended complaint and dismissed the action. On appeal, Schoo contends that, under rule 15(c), service on Holmes, her supervisor at the Baltimore post office, was sufficient notice to the Postmaster General that the action was pending against him.
 
 
 4
 The language of title VII requires that, in actions brought against government agencies, "the head of the department, agency, or unit, as appropriate, shall be the defendant." 42 U.S.C.A. Sec. 2000e-16(c) (West 1981). Actions brought against the Postal Service must name the Postmaster General as a defendant. McGuinness v. United States Postal Service, 744 F.2d 1318, 1322-23 (7th Cir.1984); Cooper v. United States Postal Service, 740 F.2d 714, 716 (9th Cir.1984), cert. denied, 471 U.S. 1022 (1985).
 
 
 5
 In a notice attached to the decision it forwarded to Schoo, the EEOC advised her that:
 
 
 6
 ... [T]he attached decision in your case is final. You have the right to file a civil action in the appropriate United States District Court WITHIN THIRTY (30) DAYS from the date that you receive this decision.... You are further notified that if you file a civil action, YOU MUST NAME THE APPROPRIATE OFFICIAL AGENCY OR DEPARTMENT HEAD AS THE DEFENDANT. Rule 25(d)(2) of the Federal Rules of Civil Procedure provides that you may describe the defendant by official title rather than by name. Failure to provide the NAME OR OFFICIAL TITLE of the agency head or, where appropriate, the department head, may result in the loss of any judicial redress to which you may be entitled. (Please note: For this purpose, Department means the overall national organization, such as the now defunct Department of Health, Education and Welfare, not the local administrative department where you might work.) You must be sure that the proper defendant is named when you file your civil action.
 
 Rule 15(c) provides in part:
 
 7
 An amendment changing the party against whom a claim is asserted relates back if ..., within the period provided by law for commencing the action against the party to be brought in by amendment that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.
 
 
 8
 "The linchpin [of rule 15(c) ] is notice...." Schiavone v. Fortune, 477 U.S. 21, 31 (1986). Even if we were to use April 24, 1987 as the date the thirty-day period began to run, and thereby eliminate any timeliness problem regarding service on the substitute party, see Schiavone, id., Holmes was not an adequate substitute for the Postmaster General. We cannot construe the notice requirement of Rule 15(c) so liberally as to hold that notice of an action against the head of a huge organization such as the Postal Service can be effected by naming and serving a minor supervisory employee far removed from the central command and from any organizational structure through which the department head ordinarily responds to litigation.
 
 
 9
 The Postal Service is organized in such a way that
 
 
 10
 [t]he General Counsel of the Postal Service shall act as agent for the receipt of legal process against the Postal Service, and as agent for the receipt of legal process against ... all ... officers and employees of the Postal Service....
 
 
 11
 39 C.F.R. Sec. 2.2 (1988). Although we would not assume that all postal employees are aware of that regulation, its promulgation certainly represents a reasonable exercise of the postmaster's discretion. Short of correct service through designated channels, the postmaster would be placed on notice so as to satisfy the requirement of rule 15(c) by other appropriate service. Rule 15(c) provides:
 
 
 12
 The delivery or mailing of process to the United States Attorney, or the United States Attorney's designee, or the Attorney General of the United States, or an agency or officer who would have been a proper defendant if named, satisfies the requirement of clauses (1) and (2) hereof with respect to the United States or any agency or officer thereof to be brought into the action as a defendant.
 
 
 13
 See also rule 4(d)(5), which provides that service on any agency of the United States may be obtained by delivering a copy of the summons and complaint to the United States Attorney for the district in which the action is brought, or to his assistant or designee, and mailing the same to the Attorney General and the agency. The above quoted language of rule 15(c) designating specific officials, upon whom service would comprise adequate rule 15(c) notice, is obviously not exclusive and implies that service on some other officials might achieve the same result. Without exploring all of those possibilities, suffice it to say that, in our view, a supervisory employee of a local post office is not such an official.
 
 
 14
 In view of the above, the judgment of the district court is affirmed.
 
 
 15
 AFFIRMED.
 
 
 
 [1]
 The last paragraph of the Analysis and Findings section of the EEOC letter to Schoo ended in mid-sentence. Through her attorney, she advised them of that defect on April 14, and she received a corrected letter, dated April 21, on April 24
 
 
 [2]
 It is evident from Schoo's complaint that she intended service on the Baltimore Postmaster as service on the Postal Service. However, since the Baltimore Postmaster did not receive the summons and complaint until more than thirty days after either EEOC letter, Schoo relies on her service of Holmes as furnishing the requisite notice to the Postmaster General