**John DOE and Jane Doe, Plaintiffs,**

v.

**AMERICAN NATIONAL RED CROSS, Defendant.**

**No. 91–03–CIV–3–BR.**

United States District Court, E.D. North Carolina, Fayetteville Division.

Jan. 30, 1992.

Burton Craige, Patterson, Harkavy & Lawrence, Johnny R. Edwards, James Carlton Thornton, Tharrington, Smith & Hargrove, Raleigh, NC, for plaintiffs.

Leslie C. O'Toole, Richard W. Ellis, Smith, Helms, Mulliss & Moore, Raleigh, NC, for defendant.

*ORDER*

BRITT, District Judge.

Now pending before the court is a motion by plaintiffs for leave to amend their complaint to:

(1) substitute Jane Doe, Administratrix of the Estate of John Doe, as plaintiff for John Doe, decedent;

(2) assert a claim for wrongful death, pursuant to N.C.Gen.Stat. § 28A–18–2, on behalf of the Estate of John Doe;

(3) add allegations of gross negligence; and

(4) assert claims for punitive damages.

Defendant opposes only that portion of the motion seeking permission to assert a claim

for punitive damages. Briefs have been submitted, and a hearing was held before the undersigned on 29 January 1992.

Defendant contends that the proposed amendment is futile because it is precluded as a matter of law. Defendant's argument is that since the Red Cross is a charitable, not-for-profit organization chartered by Congress, it is therefore a federal instrumentality and not subject to suit for punitive damages. Although the Red Cross may sue and be sued under 36 U.S.C. § 2 (1982), defendant contends that this does not constitute a waiver of the prohibition against punitive damages. From the authority submitted, the court agrees.

■■■ The Red Cross is a federal instrumentality. *Dep't of Employment v. United States*, 385 U.S. 355, 358–60, 87 S.Ct. 464, 466–68, 17 L.Ed.2d 414 (1966). As such, it has the same immunity from penalties as does the United States itself. *Smith v. Russellville Prod. Credit Ass'n*, 777 F.2d 1544, 1549–50 (11th Cir.1985). Nor does the right to sue and be sued under 36 U.S.C. § 2 waive immunity from punitive damages in the absence of an express congressional provision. *Springer v. Bryant*, 897 F.2d 1085, 1090 (11th Cir.1990) (no punitive damages available against the Tennessee Valley Authority (TVA)); *Commerce Fed. Sav. Bank v. Fed. Deposit Ins. Corp.*, 872 F.2d 1240, 1247–48 (6th Cir.1989) (no punitive damages available against the FDIC); *Smith v. Russellville Prod. Credit Ass'n*, supra, at 1549–50 (no punitive damages allowed against production credit associations); *Rohweder v. Aberdeen Prod. Credit Ass'n*, 765 F.2d 109, 113 (8th Cir.1985) (sue and be sued clause does not authorize punitive damages; federal instrumentalities cannot be held liable for punitive damages in the absence of express statutory authorization); *In re Sparkman*, 703 F.2d 1097, 1100–01 (9th Cir.1983) (no punitive damages available against TVA); *Painter v. Tennessee Valley Auth.*, 476 F.2d 943, 944–45 (5th Cir.1973) (TVA).

Plaintiffs argue that the Red Cross, even though it is a federal instrumentality, nevertheless is more like a private business since it receives no government appropriations and a judgment would not be paid by the United States government. That same argument was made by counsel and rejected by the court in the analogous situation of a federally created production credit association. The Eleventh Circuit held in *Smith v. Russellville Prod. Credit Ass'n, supra,* that:

> "although punitive damages awards against PCA's would not be paid out of the Federal Treasury, such awards would interfere with public administration. PCA's fulfill a government mission of channeling credit primarily to farmers.... Punitive damages would have to be paid from money that could otherwise be targeted to financing tractor equipment purchases, land expansion, or supply needs. The government's purposes in establishing the PCA's would thus be undercut."

*Smith v. Russellville Prod. Credit Ass'n, supra,* at 1550.

Similarly, the Red Cross fulfills a government mission of providing a supply of blood to citizens in need. Punitive damages would have to be paid from money that could otherwise be targeted to promoting the cause of the Red Cross—that of encouraging donors to give, and collecting and distributing blood to those in need.

Plaintiffs' motion to amend to assert a claim for punitive damages is DENIED. The motion to amend is, in all other respects, ALLOWED.