Carol B. MILLER, Plaintiff,

v.

Marvin T. RUNYON, Jr., Postmaster General, Defendant.

Civ. A. No. 95–A–1399–S.

United States District Court, M.D. Alabama, Southern Division.

Aug. 1, 1996.

---

Benjamin E. Meredith, Dothan, AL, for plaintiff.

Patricia A. Snyder, Asst. U.S. Atty., Montgomery, AL, for defendant.

## MEMORANDUM OPINION AND ORDER

ALBRITTON, District Judge.

This cause is before the court on the Defendant's Motion to Strike, filed on January 22, 1996.

In this case, the Plaintiff, Carol B. Miller ("Miller"), brings suit against the Defendant, Marvin T. Runyon ("Runyon"), in his capacity as Postmaster General, for gender discrimination and retaliation in connection with her employment with the United States Postal Service ("USPS"). In her Complaint, the Plaintiff seeks punitive damages. The Defendant argues that her claim for punitive damages must be stricken because, under the Civil Rights Act of 1991, the Plaintiff cannot obtain punitive damages from the USPS because the USPS is a governmental agency. *See* 42 U.S.C. § 1981a(b)(1). The Plaintiff, in response, argues that the USPS is not a governmental agency. Rather, the Plaintiff asserts that the USPS is an autonomous entity that is more akin to a private contractor. The Plaintiff further argues that, as an autonomous entity, the USPS may be subject to claims for punitive damages.

The parties agree that, under the Civil Rights Act of 1991, a "government, government agency or political subdivision" may not be sued for punitive damages. *See* 42 U.S.C. § 1981a(b)(1). Therefore, the outcome of the Defendant's motion turns on whether or not the USPS is a government agency. This court concludes that the USPS is a governmental agency for the purposes of the Civil Rights Act of 1991. *See Suhr v. Runyon,* 1995 WL 617478, *3 (N.D.Ill.) ("Since this is

in essence a suit against a federal agency, plaintiff is barred from recovering punitive damages from defendant."). Courts regularly treat the USPS as a governmental agency for the purposes of Title VII. *See Newbold v. United States Postal Service,* 614 F.2d 46, 46 (5th Cir.1980); [1] *see also Schoo v. United States Postal Service,* 865 F.2d 1259, 1988 WL 142904, *1 (4th Cir.1988); *McGuinness v. United States Postal Service,* 744 F.2d 1318, 1322–23 (7th Cir.1984); *Cooper v. United States Postal Service,* 740 F.2d 714, 716 (9th Cir.1984), *cert. denied,* 471 U.S. 1022, 105 S.Ct. 2034, 85 L.Ed.2d 316 (1985). Furthermore, other courts have stated that the Postal Reorganization Act of 1970 did not change the status of the USPS as a governmental agency. *See Young v. United States Postal Service,* 869 F.2d 158, 159 (2d Cir. 1989) (The USPS "is still the federal government."); *Coley Properties Corp. v. United States,* 219 Ct.Cl. 227, 593 F.2d 380, 387 (1979) (a claim against USPS is still a claim against the United States). Accordingly, the Defendant's Motion to Strike the Plaintiff's claim for punitive damages is due to be, and is hereby, GRANTED.

It is so ordered.

---

**1.** In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) *(en banc),* the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981.