31 F.Supp.2d 703 (1999)
Zella M. HARRINGTON, Plaintiff,
v.
AMERICAN NATIONAL RED CROSS ST. LOUIS BI-STATE CHAPTER and St. Louis Transitional Hope House, Inc., Defendants.
No. 4:98CV1682-SNL.
United States District Court, E.D. Missouri, Eastern Division.
January 7, 1999.
*704 Kathryn S. Render, Liberman and Goldstein, Clayton, MO, for Zella M. Harrington, plaintiff.
Hollye Stolz Atwood, Karen A. Dill, Bryan Cave L.L.P., St. Louis, MO, for American National Red Cross St. Louis Bi-State Chapter, defendant.
Patricia M. McFall, McMahon and Berger, St. Louis, MO, for St. Louis Transitional Hope House, Inc., defendant.

ORDER
LIMBAUGH, District Judge.
This matter is before the Court on Defendant's Motion to Strike Claim for Punitive Damages and Jury Demand (# 8) filed December 14, 1998. Defendant American National Red Cross St. Louis Bi-State Chapter (the Red Cross) argues that the American National Red Cross operates under a Congressional charter and is a federal instrumentality.[1] The Red Cross further argues that it is not subject to claims for punitive damages nor is it subject to jury trials under the doctrine of sovereign immunity. Plaintiff responds that through the sue and be sued clause in the Red Cross charter, Congress waived defendant's immunity to punitive damages and jury trials.
The issue of sovereign immunity in employment discrimination actions against the American National Red Cross has not been widely litigated in federal courts. However, one appellate court and several district courts have addressed the issue of Red Cross sovereign immunity in the tort claim context. Specifically, the issue has arisen recently in cases involving the Red Cross providing blood tainted with the human immuno-deficiency virus (HIV). Those courts addressing the issue have reached differing results. See Marcella v. Brandywine Hospital, 47 F.3d 618 (3rd Cir.1995) (holding Red Cross not immune from jury trial); Doe v. American Nat'l Red Cross, 845 F.Supp. 1152 (S.D.W.Va.1994) (holding Red Cross not immune from jury trial nor from punitive damages claim); Doe v. American Nat'l Red Cross, 847 F.Supp. 643 (W.D.Wis.1994) (holding Red Cross not immune from jury trial, but immune from punitive damages claim); Barton v. American Red Cross, 826 F.Supp. 407 (M.D.Ala.1993) (holding Red Cross immune from punitive damages claim); Johnson v. Hospital of Medical College of Penn., 826 F.Supp. 942 (E.D.Pa.1993) (holding Red Cross immune from jury trial, but likely overruled by Marcella); Doe v. American Nat'l Red Cross, 837 F.Supp. 121 (E.D.N.C. 1992) (holding Red Cross immune from punitive damages claim). See also Rozak v. American Red Cross Blood Servs., 945 F.Supp. 1183 (N.D.Ind.1996) (holding Red Cross not immune from jury trial in case of transfusion recipient who contracted hepatitis); Berman v. American Nat'l Red Cross, 834 F.Supp. 286 (N.D.Ind.1993) (holding Red Cross immune from jury trial in negligence action by plaintiff allegedly injured while attempting to donate blood).
The plaintiff and defendant in the instant action have argued for the Court to follow two differing lines of Supreme Court precedent in analyzing the waiver of sovereign immunity. Plaintiff suggests that this issue *705 should be controlled by the line of cases including Federal Housing Administration v. Burr, 309 U.S. 242, 60 S.Ct. 488(194), 84 L.Ed. 724, and Loeffler v. Frank, 486 U.S. 549, 108 S.Ct. 1965, 100 L.Ed.2d 549 (1988). Defendant urges the Court to follow the Supreme Court's decision in Lehman v. Nakshian, 453 U.S. 156, 101 S.Ct. 2698, 69 L.Ed.2d 548 (1981). For reasons stated below, the Court finds more persuasive plaintiff's argument. Burr-Loeffler provides the correct analysis in this situation.
Defendant argues that the Seventh Amendment to the United States Constitution provides no right to trial by jury in suits against the United States, citing Lehman. Defendant points out that the holding of Lehman is clear: absent an express grant of civil trial by jury, there can be no civil jury trial against the Government. This is correct. A case such as Lehman (against the Secretary of the Navy) is in fact a suit against the federal government. In such a case, any waiver of sovereign immunity should be construed narrowly. See Lehman, 453 U.S. at 168, 101 S.Ct. at 2705. However, the instant case is not a suit against the government. Rather, it is a suit against an independent corporation organized under a federal charter, and subject to a sue and be sued clause. See 36 U.S.C. § 2.[2]
In Burr, and again in Loeffler, the Supreme Court discussed the meaning of sue and be sued clauses. In both opinions, the Supreme Court concluded that in cases of organizations whose charters include such clauses, Congressional waiver of sovereign immunity should be construed broadly. Burr provides three circumstances in which the waiver should be deemed less than absolute: it must be shown (1) that certain types of suits are not consistent with the statutory or constitutional scheme; (2) that an implied restriction of the general authority is necessary to avoid grave interference with the performance of a governmental function; or (3) that for other reasons it was plainly the purpose of Congress to use the sue and be sued clause in a narrow sense. Burr, 309 U.S. at 245, 60 S.Ct. at 490. The Supreme Court in Burr went on to state that "[i]n the absence of such showing, it must be presumed that when Congress launched a governmental agency into the commercial world and endowed it with authority to `sue and be sued,' that agency is not less amenable to judicial process than a private enterprise under like circumstances would be." Id.
Burr involved a garnishment action against the Federal Housing Administration. The FHA claimed that it enjoyed sovereign immunity from such actions. The Supreme Court, applying the above analysis, disagreed. See Burr, 309 U.S. at 250, 60 S.Ct. at 493. In Loeffler, a successful Title VII plaintiff sought prejudgment interest against the United States Postal Service. The Supreme Court rejected the Postal Service's argument that it was immune from such interest. See Loeffler, 486 U.S. at 565, 108 S.Ct. at 1975.
Applying the Burr-Loeffler analysis to the instant case, the Court will first determine whether allowing a jury trial and punitive damages would offend the statutory scheme. The main body of Title VII provides no compensatory or punitive damages. See 42 U.S.C. 2000e et seq. As the statute originally provided primarily equitable relief and not legal relief, there was no attendant right to trial by jury. However, the Civil Rights Act of 1991 added compensatory and punitive damages as relief available under Title VII. See 42 U.S.C. § 1981a (a)(1). Along with the right to such legal relief came the right to a jury trial in cases demanding damages. See 42 U.S.C. § 1981a (c)(1). Although the Civil Rights Act of 1991 provided money damages, it did not allow such damages in suits against governments, government agencies or political subdivisions. See 42 U.S.C. § 1981a (b). However, that limitation does not apply in this case, as the Red Cross does not fall into any of those categories.
It is true that the United States Supreme Court has labeled the Red Cross as a federal instrumentality for purposes of state tax immunity. See Department of Employment v. United States, 385 U.S. 355, 358, 87 S.Ct. *706 464, 467, 17 L.Ed.2d 414 (1966). However, the availability of Title VII damages is not expressly limited in suits against instrumentalities. Rather, in order to fall under the damage exclusion found in 42 U.S.C. § 1981a (b)(1), the Red Cross would have to be a government agency. The 9th Circuit Court of Appeals concluded that the Red Cross was not an agency for purposes of the Freedom of Information Act. See Irwin Memorial Blood Bank v. American Nat'l Red Cross, 640 F.2d 1051 (9th Cir.1981). This Court believes that the same reasoning applies in Title VII cases.
The question of the legal status of the Red Cross arose in the Eastern District of Missouri a little more than ten years ago in C.H. v. American Red Cross, 684 F.Supp. 1018 (E.D.Mo.1987). In that case, Judge Roy Harper addressed the issue of whether the Red Cross was an agency of the United States for purposes of removal under 28 U.S.C. § 1442(a). Applying much the same analysis as the 9th Circuit had in Irwin, Judge Harper concluded that the Red Cross was not an agency subject to § 1442(a) removal.[3]
Without restating the complete analysis in C.H. v. American Red Cross and in Irwin, this Court will summarize the points most relevant to claims of employment discrimination. First, Red Cross employees are not federal employees. See Dep't of Employment, 385 U.S. at 360, 87 S.Ct. at 467. Second, although the National Red Cross works closely at times with the federal government, its membership in the International Red Cross is specifically conditioned on maintenance of independence from the government. See Irwin, 640 F.2d at 1057 (quoting Handbook, I.R.C. 319-20). Third, although eight of the fifty governors of the Red Cross, including the chairperson of the board, are appointed by the President of the United States, there is no day-to-day governmental oversight of Red Cross activities. See Irwin, 640 F.2d at 1056. For these reasons, the Court holds that the Red Cross is not a government agency for purposes of damage liability under 42 U.S.C. § 1981a.[4] Therefore, the Court sees no statutory reason to limit the availability of punitive damages or jury trial.[5] Nor can the Court see any Constitutional justification for limiting the waiver of sovereign immunity.
The second basis under Burr-Loeffler for limiting the scope of the immunity waiver found in the Red Cross charter is the possibility of interference with any governmental function performed by the Red Cross. Examining the Red Cross charter reveals several governmental functions. The Red Cross is charged with furnishing volunteer aid to the sick and wounded of Armed Forces in time of war in accordance with the Geneva Conference. 36 U.S.C. § 3. The Red Cross is also charged with providing voluntary relief in accord with military authorities in times of peace. Id. Finally, the Red Cross is charged *707 to provide national and international relief in the face of national disasters such as famine, fire and floods. Id.
The Court finds that subjecting the Red Cross to a jury trial will in no way interfere with those governmental functions to any greater degree than a bench trial would. As to allowing punitive damages, the Court doubts that the allowance of punitive damages would interfere with those functions, and will deny defendant's motion to strike at this time. However, at any time that facts may be before the Court suggesting that punitive damages would interfere with those governmental functions, defendant may renew its motion to strike plaintiff's punitive damage demand.
The defendant has put forth no argument for the final justification of an implied waiver under Burr-Loeffler, that is, that for some other reason it was plainly the purpose of Congress that the sue and be sued clause be interpreted as a narrow waiver. Accordingly, the Court will deny defendant's motion to strike.
IT IS HEREBY ORDERED that Defendant's Motion to Strike Claim for Punitive Damages and Jury Demand (# 8) is DENIED. Defendant shall be granted leave to refile its motion to strike plaintiff's claim for punitive damages if at any time it appears that an award of punitive damages would interfere with defendant's governmental function.
NOTES
[1] The Court is unsure at this time of the significance, if any, of the fact that plaintiff sued the St. Louis Bi-State Chapter of the American National Red Cross and not the national organization. Although there is case law suggesting that the local chapters are entities distinct from the national organization in the context of employment discrimination suits, the Court will assume for purposes of this motion that any claim of sovereign immunity by the American National Red Cross also applies to the St. Louis Bi-State Chapter, and should be analyzed the same way. See Owens v. American Nat'l Red Cross, 673 F.Supp. 1156 (D.Conn.1987); Webb v. American Red Cross, 652 F.Supp. 917 (D.Neb.1986).
[2] "The name of this corporation shall be `The American National Red Cross,' and by that name it shall have perpetual succession, with the power to sue and be sued in courts of law and equity, State or Federal, within the jurisdiction of the United States ...." 36 U.S.C. § 2.
[3] Judge Harper went on to conclude that the Red Cross charter, 36 U.S.C. § 2, conferred original jurisdiction in the federal district court, and that suits against the Red Cross could in some circumstances be removed under 28 U.S.C. § 1441(a). Judge Harper certified the issue for immediate interlocutory appeal, but the 8th Circuit did not decide the issue. The Supreme Court later adopted this interpretation of the Red Cross charter in American Nat'l Red Cross v. S.G., 505 U.S. 247, 112 S.Ct. 2465, 120 L.Ed.2d 201 (1992).
[4] The Court notes that other courts have reached the opposite result in cases involving the United States Postal Service, another corporation created by a federal charter including a sue and be sued clause. See Baker v. Runyon, 114 F.3d 668 (7th Cir.1997); Miller v. Runyon, 932 F.Supp. 276 (M.D.Ala.1996). However, the distinction under the Civil Rights Act of 1991 is justified as the Postal Service differs greatly in its organizational structure and governmental role from the Red Cross. Furthermore, as to the larger question of sovereign immunity, at least one Court of Appeals applying the Burr-Loeffler analysis to the Postal Service's sue and be sued clause reached the conclusion that the Postal Service is not immune from state law civil penalties. See Commonwealth of Pa., Department of Environmental Resources v. United States Postal Serv., 13 F.3d 62 (3rd Cir.1993).
[5] Plaintiff also brings claims under 42 U.S.C. § 1981 and the Missouri Human Rights Act, Mo. Rev.Stat. § 213.010 et seq. Neither of those statutes suggests a limitation of the waiver of sovereign immunity. It should be noted, though, that § 1981a (a)(1) prevents a double recovery of damages by a plaintiff bringing claims under Title VII and § 1981. See Johnson v. Metro. Sewer Dist., 926 F.Supp. 874, 876 n. 2 (E.D.Mo. 1996).