THE STATE, EX REL. LEIS, PROS. ATTY., APPELLANT, *v.* OUTCALT, JUDGE, ET AL., APPELLEES.

[Cite as State, ex rel. Leis, *v.* Outcalt (1982), 1 Ohio St. 3d 147.]

(No. 82-14—Decided August 4, 1982.)

*Mr. Simon L. Leis, Jr.,* prosecuting attorney, and *Mr. Leonard Kirschner,* for appellant.

*Mr. G. Ernie Ramos, Jr.,* for appellee Judge Outcalt.

KRUPANSKY, J. A writ of mandamus will issue if appellant shows appellee is under a clear legal duty to perform the requested act, that appellant has a clear legal right to the requested relief and that appellant has no plain and adequate remedy in the ordinary course of the law. See, *e.g., State, ex rel. Heller,* v. *Miller* (1980), 61 Ohio St. 2d 6 [15 O.O.3d 3], paragraph one of the syllabus.

I.

Inasmuch as appellee was without authority to grant the witness use immunity, appellee is under a clear legal duty to set aside his decision granting immunity.

In this state, criminal procedure is governed entirely by statute. *Municipal Court of Toledo* v. *State, ex rel. Platter* (1933), 126 Ohio St. 103, paragraph one of the syllabus. A court's sole authority for granting immunity is regulated by R.C. 2945.44, which provides in relevant part:

"(A) In any criminal proceeding in this state, if a witness refuses to answer or produce information on the basis of his privilege against self-incrimination, the court of common pleas of the county in which the proceeding is being held, unless it finds that to do so would not further the administration of justice, shall compel the witness to answer or produce the information, if both of the following apply:

"(1) The prosecuting attorney of the county in which the proceedings are being held makes a written request to the court of common pleas to order the witness to answer or produce the information, notwithstanding his claim of privilege;

"(2) The court of common pleas informs the witness that by answering, or producing the information he will receive immunity under division (B) of this section.

"(B) If, but for this section, the witness would have been privileged to withhold an answer or any information given in any criminal proceeding, and he complies with an order under division (A) of this section, compelling him to give an answer or produce any information, he shall not be prosecuted or subjected to any criminal penalty in the courts of this state for or on account of any transaction or matter concerning which, in compliance with the order, he gave an answer or produced any information."

As is apparent from the statute, no provision is made for a grant of "use" immunity; rather the statute provides only for a grant of "transactional" immunity, *i.e.,* immunity from prosecution for any criminal act about which the witness testified. In this case, appellee specifically granted the witness use immunity, and informed the witness that this "means only that the testimony which you give in this courtroom cannot be used directly against you," and that "this is not what is called transactional immunity." Thus, appellee granted the witness immunity from the use of his testimony against him, but did not grant him immunity from prosecution for any transactions about which he testified.

While former R.C. 2945.44, repealed May 30, 1978, was construed as allowing a grant of use immunity, see *e.g., State* v. *Sinito* (1975), 43 Ohio St. 2d 98 [72 O.O.2d 54], the present statute, effective May 30, 1978, clearly authorizes a court to grant only transactional immunity. Appellee was therefore, without statutory authority to grant use immunity.

More importantly, immunity may not be granted, unless the witness first refuses to answer upon a claim of privilege against self-incrimination. R.C. 2945.44(A). The primary policy underlying the immunity statute is to preserve the witness' Fifth Amendment rights. When the witness does not assert a privilege against self-incrimination, a grant of immunity is not necessary to protect the witness. Accordingly, the statute requires the witness to assert his

privilege against self-incrimination before a request for immunity is submitted.

It is undisputed the witness in this case never refused to testify on the basis of his privilege against compulsory self-incrimination. Appellee, therefore, exceeded his authority by needlessly granting immunity to a witness who never refused to testify on Fifth Amendment grounds.

Furthermore, R.C. 2945.44(A) provides for a grant of immunity only upon the written request of the prosecuting attorney. Under former R.C. 2945.44, immunity could be granted upon the request of either the prosecutor or the defendant. *State* v. *Broady* (1974), 41 Ohio App. 2d 17 [70 O.O.2d 18]. The present statute, however, clearly reflects the intent of the General Assembly that immunity be used only as a prosecutorial tool to fulfill the government's need for testimony. Appellee, therefore, went beyond the scope of his statutory authority in granting immunity at the defendant's request, over the prosecutor's objection.

Inasmuch as appellee's journal entry granting use immunity will prevent appellant's effective prosecution of the witness for the crime to which he confessed, appellant has a clear right to have the unlawful decision vacated.

Appellee contends that since a writ of mandamus may not control judicial discretion, a writ is improper because his decision  to grant immunity was within his judicial discretion. In this case, however, there was no opportunity for appellee to exercise judicial discretion because the conditions required by the statute were not satisfied. The mandate of the statute is clear. Immunity may not be granted unless (1) the witness refuses to answer on the basis of his privilege against self-incrimination; (2) the prosecuting attorney makes a written request to order the witness to answer; and (3) the court informs the witness he will receive transactional immunity. R.C. 2945.44. None of these conditions was satisfied in this case. Only after the statutory requirements are met may the court exercise its discretion to grant or deny transactional immunity. R.C. 2945.44(A). In this case, there was no occasion for appellee to exercise discretion.

## II.

No plain and adequate remedy in the ordinary course of law is available to appellant. In a criminal case, there must be a judgment or final order before there is a basis for appeal. *State* v. *Chamberlain* (1964), 177 Ohio St. 104 [33 O.O.2d 465]. A final order is one which amounts to a disposition of the cause and which affects "a substantial right in an action which in effect determines the action and prevents a judgment." R.C. 2505.02. Appellee's decision granting immunity is clearly not a final order which would provide appellant with a basis for appeal.

Appellee contends appellant had an adequate remedy at law at the time appellee granted the witness immunity. At that time, appellee argues, appellant should have requested a continuance for purposes of obtaining injunctive relief as to appellee regarding the question of immunity. Assuming,

*arguendo,* appellee's suggested procedure would have been appropriate at that point in the trial, it is well-settled an injunction does not constitute a plain and adequate remedy in the ordinary course of law; rather, it is an extraordinary remedy equitable in nature. *State, ex rel. Pressley,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 141 [40 O.O.2d 141].

Appellee also contends appellant had an adequate remedy at law by way of appeal after the defendant, Schultz, was acquitted upon a jury determination of not guilty. It is noted the witness was not a party to the original criminal proceedings in which the parties were the state and Schultz, and the case was styled *State* v. *Schultz.* We are at a loss to find a basis of appeal for the state in a criminal case from a decision affecting a non-party when the defendant has already been acquitted.

Thus, appellant's hands were tied—with no basis for appeal at the time appellee granted immunity and no basis for appeal once the defendant was acquitted, appellant's only remedy lay in a complaint for writ of mandamus.

In the case *sub judice,* appellee was under a clear legal duty to vacate his unlawful decision; appellant had a clear legal right to have the decision set aside; appellant had no plain and adequate remedy at law; the Court of Appeals, therefore, erred in granting appellee's motion to dismiss.

The judgment of the Court of Appeals is therefore reversed, and appellee is ordered to vacate his journal entry granting Hope immunity.

*Judgment reversed and writ allowed.*

SWEENEY, LOCHER, HOLMES and C. BROWN, JJ., concur.

CELEBREZZE, C.J., and W. BROWN, J., dissent.

WILLIAM B. BROWN, J., dissenting. While the trial court's decision granting Hope immunity may well have been erroneous, I must nonetheless dissent for, in my opinion, the issuance of a writ of mandamus is not an appropriate remedy in this action.

In order to be entitled to a writ of mandamus, the relator must show that he " '* * * has a clear legal right to the relief prayed for, that respondent is under a clear legal duty to perform the requested act, and that relator has no plain and adequate remedy at law.' " *State, ex rel. Meshel,* v. *Keip* (1981), 66 Ohio St. 2d 379, 381 [20 O.O.3d 338].

And in *State, ex rel. Pressley,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 141, 161 [40 O.O.2d 141], this court stated:

" 'The court in the exercise of its discretion may and should take into consideration a wide variety of circumstances in determining whether the writ should issue. It may and should consider the facts of the particular case, the exigency which calls for the exercise of its discretion, the consequences of granting the writ, and the nature and extent of the wrong or injury which would follow a refusal of the writ. The court is not bound to allow the writ

merely because applicant shows a clear legal right for which mandamus would be an appropriate remedy, even though without mandamus applicant for the writ would be without remedy. The writ will not be issued on mere technical grounds, and it may be granted or refused depending on whether or not it promotes substantial justice.' ''

In the case at bar, neither the majority nor the appellant has cited any authority wherein a writ of mandamus was employed to compel a judge to vacate an interlocutory order entered in a proceeding which has since been concluded. The granting of the writ at this time will not change the result in the first proceeding, nor will it require the court to accept the use of Hope's testimony against him in the pending prosecution, which is apparently the end sought by appellant. Indeed, such an end would pose serious question as to its constitutional validity under the Fifth Amendment to the United States Constitution.

Moreover, the validity and effect of the immunity order are issues which could properly be raised in the case now pending against Hope. In *State* v. *Wolery,* (1976), 46 Ohio St. 2d 316 [75 O.O.2d 366], the defendant assigned as error matters concerning a grant of immunity to a prosecution witness. The court, refusing to address the issue, at page 320, quoted with approval the court in *State* v. *Johnson* (1969), 77 Wash. 2d 423, 462 P. 2d 933:

'' 'The question of the validity of a promise of immunity raised by this assignment of error is not squarely before the court, for it is the defendant and not the witness who is claiming the invalidity of that promise. The question of whether there exists an equitable right to an enforcement of this promise of immunity *is not present and would arise only if at some future time the state* should attempt to prosecute the witness * * * of the two dismissed charges.' '' (Emphasis added.)

CELEBREZZE, C.J., concurs in the foregoing dissenting opinion.