OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

The State ex rel. Koren, Appellee, v. Grogan, Judge, Appellant.
[Cite as State ex rel. Koren v. Grogan (1994),            Ohio
St.3d         .]
Prohibition to prevent judge from exercising judicial power
     over criminal case -- Transactional immunity -- R.C.
     2945.44 -- Writ granted, when.
     (No. 93-285 -- Submitted January 25, 1994 --
Decided March 30, 1994.)
     Appeal from the Court of Appeals for Cuyahoga County, No.
63946.
     On June 24, 1992, David Koren, relator-appellee, filed
this prohibition action in the Court of Appeals for Cuyahoga
County.  He applied for an alternative writ to halt his
scheduled criminal trial before Judge Robert J. Grogan,
respondent-appellant, in Lyndhurst Municipal Court.  The court
of appeals granted the application and prohibited appellant
from conducting further proceedings until further order of the
court except to rule on any motion to dismiss for lack of
jurisdiction based on appellee's claim of immunity.  Appellee
subsequently filed such a motion in the municipal court.
     On August 6, 1991, a two-car collision occurred in the
city of Mayfield Heights, Ohio, and Paul Sofia, a passenger in
the vehicle which was operated by Alan Flanik, subsequently
died from injuries sustained in the collision.  The other
vehicle was operated by appellee, who had two other passengers
in his car.  On August 6, 1991, appellee was charged with
driving under the influence of alcohol in violation of Section
333.01(A)(1) of the Codified Ordinances of Mayfield Heights.
On September 21, 1991, the Cuyahoga County Grand Jury returned
an indictment relating to the collision charging Flanik with:
one count of aggravated vehicular homicide, three counts of
aggravated vehicular assault, and one count of driving under
the influence.  On March 4, 1992, the Cuyahoga County Grand
Jury returned an indictment charging appellee with one count of
vehicular homicide and one count of negligent assault in
connection with the collision.  The additional charges against
appellee were transferred to the Lyndhurst Municipal Court and
consolidated with the pending DUI charge.

Appellee was subpoenaed to appear as a witness for the state in the criminal case against Flanik in the Cuyahoga County Court of Common Pleas. On May 14, 1992, during the jury trial in the Flanik case, the assistant prosecuting attorney filed a written request with the common pleas court to compel appellee to answer questions notwithstanding his claim of privilege, and to grant appellee "transactional and use" immunity pursuant to R.C. 2945.44(B). On May 14, 1992, appellee was called as a witness for the state in the Flanik case, and he invoked his privilege against self-incrimination. The common pleas court then granted the state's motion and advised appellee as follows:

"[Y]ou will have use of transactional immunity as provided for in Ohio Revised Code Section 2945.44 and you will be instructed to answer all questions put to you by both the prosecutor and the defense attorney throughout the course of these proceedings.

"* * *

"[U]nder Section 2945.44 the immunity hereby granted provides that you shall not be prosecuted or subjected to any criminal penalty in the courts of this state for or on account of any transaction or matter concerning which, in compliance with the order, you give an answer or produce information. This means that your testimony here cannot be utilized in the pending matter which you now, sir, are under indictment for."

The charges against appellee remained pending in the Lyndhurst Municipal Court before appellant.

On December 18, 1992, the Cuyahoga County Court of Appeals issued a writ directing appellant to dismiss appellee's pending criminal case for lack of jurisdiction, and prohibiting appellant from conducting any further proceedings in that case.

This cause is before the court upon an appeal as of right.

Bernard, Haffey & Bohnert Co., L.P.A., J. Ross Haffey, Jr. and S. Michael Lear, for appellee.

Steven C. LaTourette, Lake County Prosecuting Attorney, and Kimberly A. Mahaney, Assistant Prosecuting Attorney, for appellant.

Per Curiam. In order to obtain a writ of prohibition, relator must prove: (1) that the court or officer against whom the writ is sought is about to exercise judicial or quasi-judicial power, (2) that the exercise of that power is unauthorized by law, and (3) that denying a writ will result in injury for which no other adequate remedy exists in the ordinary course of law. State ex rel. Ruessman v. Flanagan (1992), 65 Ohio St.3d 464, 465, 605 N.E.2d 31, 33. The parties agree that the first prong of the foregoing test is met here, i.e., appellant is about to exercise judicial power over the criminal case concerning appellee's involvement in the two-car collision. The court of appeals determined that the remaining two prerequisites for the issuance of a writ of prohibition were also met.

Appellant in his first proposition of law contends that his exercise of municipal court jurisdiction is authorized by law since not all the requirements for granting appellee

transactional immunity were met.  R.C. 2945.44(A) provides:

"In any criminal proceeding in this state * * *, if a witness refuses to answer or produce information on the basis of his privilege against self-incrimination, the court of common pleas of the county in which the proceeding is being held, unless it finds that to do so would not further the administration of justice, shall compel the witness to answer or produce the information, if both of the following apply:

"(1) The prosecuting attorney of the county in which the proceedings are being held makes a written request to the court of common pleas to order the witness to answer or produce the information, notwithstanding his claim of privilege;

"(2) The court of common pleas informs the witness that by answering, or producing the information he will receive immunity under division (B) of this section."  (Emphasis added.)

The mandate of the statute is clear: immunity may not be granted unless (1) the witness refuses to answer on the basis of his privilege against self-incrimination, (2) the prosecuting attorney makes a written request to order the witness to answer, and (3) the court informs the witness he will receive transactional immunity. State ex rel. Leis v. Outcalt (1982), 1 Ohio St.3d 147, 149, 1 OBR 181, 183, 438 N.E.2d 443, 446.  Appellant does not dispute that the first two requirements of R.C. 2945.44(A) were met here; instead, he claims that the Cuyahoga County Court of Common Pleas failed to inform appellee that he would receive transactional immunity, instead informing him that he would receive use immunity.

Transactional immunity protects the witness from prosecution for any criminal activity about which he testified within the limits of the grant, whereas use immunity protects the witness only from having the specific compelled testimony or the information directly or indirectly derived from the compelled testimony used as evidence against him in a later prosecution.  1 Anderson's Ohio Criminal Practice and Procedure (2 Ed.1991) 231, Section 52.101.  Ohio courts may grant only transactional immunity and not use immunity.  Leis, supra, at 148, 1 OBR at 183, 438 N.E.2d at 446.  Appellant emphasizes that portion of the common pleas court's colloquy with appellee where it stated that, "[t]his means that your testimony here cannot be utilized in the pending matter which you now, sir, are under indictment for."  This improperly refers to use immunity.

Appellant contends that similarly, in Outcalt, the court granted use immunity and thereby erred.  However, the common pleas court in Outcalt never purported to grant transactional immunity pursuant to R.C. 2945.44.  Conversely, in the case at bar, the trial court expressly informed appellee that he was being granted transactional immunity under R.C. 2945.44 and that such immunity provided that he "shall not be prosecuted or subjected to any criminal penalty in the courts of this state for or on account of any transaction or matter concerning which, in compliance with the order, you give an answer or produce information."  Although the court of appeals erroneously focused on the common pleas court's "intent" rather than on what it actually informed appellee, it is apparent that the common pleas court did inform appellee of his transactional immunity and that appellee was entitled to the immunity

provided by R.C. 2945.44(B). The fact that in so informing appellee the common pleas court erroneously added a "use immunity" instruction should not derogate from this result. Indeed, the reach of the immunity provided pursuant to R.C. 2945.44 in effect subsumes the more limited use immunity. See, e.g., State v. Thompson (1992), 62 Ohio Misc.2d 555, 559-560, 607 N.E.2d 118, 121. Consequently, appellant's first proposition of law lacks merit.

Appellant in his second proposition of law asserts that a grant of R.C. 2945.44 immunity does not totally divest the court of jurisdiction over the person to whom the immunity has been granted so as to constitute a patent and unambiguous lack of jurisdiction. Appellant contends that "while a grant of immunity may act as a shield around the Relator to protect him from prosecution, it does not cause a court to lose either personal or subject matter jurisdiction over a defendant" and that "[t]he trial court should be permitted the opportunity to determine whether the alleged immunity prevents the prosecution of said defendant altogether."

Where there is a total want of jurisdiction on the part of a court, a writ of prohibition will be allowed. State ex rel. Adams v. Gusweiler (1972), 30 Ohio St.2d 326, 59 O.O.2d 387, 285 N.E.2d 22, paragraph two of the syllabus. In other words, a writ of prohibition will issue where there is a patent and unambiguous restriction on the jurisdiction of the court which clearly places the dispute outside the court's jurisdiction. State ex rel. Ruessman v. Flanagan, supra, at 466, 605 N.E.2d at 34. Therefore, even though appellant possesses "basic statutory jurisdiction" to proceed pursuant to R.C. 1901.20, prohibition may lie where such jurisdiction exists if another statute patently and unambiguously takes away that jurisdiction. State ex rel. Sanquily v. Lucas Cty. Court of Common Pleas (1991), 60 Ohio St.3d 78, 80, 573 N.E.2d 606, 609 (although R.C. 2305.01 gives common pleas courts original jurisdiction in civil matters generally, R.C. 2743.02[F] patently and unambiguously takes it away from them in a specific class of civil cases).

Appellant's second proposition thus presents the narrow issue of whether R.C. 2945.44(B) "patently and unambiguously" divests the municipal court of its general R.C. 1901.20 jurisdiction to proceed. R.C. 2945.44(B) provides:

"If, but for this section, the witness would have been privileged to withhold an answer or any information given in any criminal proceeding, and he complies with an order under division (A) of this section compelling him to give an answer or produce any information, he shall not be prosecuted or subjected to any criminal penalty in the courts of this state for or on account of any transaction or matter concerning which, in compliance with the order, he gave an answer or produced any information." (Emphasis added.)

In general, immunity is an affirmative defense, which must be raised and proven, i.e., it usually does not affect the jurisdiction of the court. See, e.g., Goad v. Cuyahoga Cty. Bd. of Commrs. (1992), 79 Ohio App.3d 521, 523-524, 607 N.E.2d 878, 880; Mitchell v. Borton (1990), 70 Ohio App.3d 141, 145, 590 N.E.2d 832, 835; White v. Goldsberry (Dec. 4, 1992), Athens App. No. CA-1525, unreported. Conversely, the court has

allowed a writ of prohibition to prevent the disclosure of privileged matter. State ex rel. Lambdin v. Brenton (1970), 21 Ohio St.2d 21, 50 O.O.2d 44, 254 N.E.2d 681.

Nevertheless, none of the foregoing cases involves the specific statute here, R.C. 2945.44(B). The court of appeals here determined that R.C. 2945.44(B) divested the municipal court of jurisdiction to proceed in the pending criminal matter against appellee:

"* * * Although respondent has general statutory jurisdiction to hear misdemeanor cases pursuant to R.C. 1901.20 * * *, this jurisdiction is necessarily limited by R.C. 2945.44, which patently immunizes witnesses in specific instances from the jurisdiction of the courts of this state.

"It would be incongruous to conclude, in light of the plain language of R.C. 2945.44, that a grant of immunity pursuant to R.C. 2945.44 by one court is operative only at the discretion of some other court. The statute directs otherwise and we conclude that respondent unambiguously lacks authority to preside over the trial of relator because he is immune from prosecution pursuant to R.C. 2945.44."

Although R.C. 2945.44(B) does not specify that it divests courts of "jurisdiction" to proceed as does the statute in Sanquily, R.C. 2945.44(B) does manifestly prevent the prosecution or criminal liability of a defendant accorded transactional immunity under that statute. Under the limited circumstances involved here, the court of appeals properly issued a writ of prohibition.

Appellant cites State ex rel. Am. Natl. Red Cross v. Pokorny (1992), 79 Ohio App.3d 419, 607 N.E.2d 524, in support of his second proposition, contending that the same court of appeals therein refused to issue a writ of prohibition where relator claimed sovereign immunity prevented respondent from proceeding with a jury trial in which relator was a defendant. However, the Pokorny court emphasized at 422, 607 N.E.2d at 526, that the immunity claimed by relator in that case was limited to "'immunity from state taxation'" and did not provide immunity from a jury trial. By contrast, appellee here was immune from prosecution and any criminal liability in the municipal court proceeding. Therefore, although we agree with appellant that, generally, immunity issues are better resolved by trial courts and through the orderly process of appeal rather than through the extraordinary remedy of prohibition, we find under the unique, limited circumstances at bar, appellant's second proposition of law is also meritless.

Appellant in his third proposition of law asserts that the court of appeals erred in issuing a writ of prohibition since appellee had an adequate remedy via appeal of the immunity issue. However, the presence of an adequate remedy at law is immaterial where the court patently and unambiguously lacks jurisdiction to act. Sanquily, supra, at 79-80, 573 N.E.2d at 608; State ex rel. LTV Steel Co. v. Oryshkewych (1992), 65 Ohio St.3d 462, 463, 605 N.E.2d 30, 31. Based upon the disposition of appellant's second proposition, appellant's third proposition must also fail.

Therefore, the court of appeals did not err in issuing a writ of prohibition. Accordingly, the judgment of the court of appeals is affirmed.

Judgment affirmed.

A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.

Moyer, C.J., not participating.