ACCELERATED DOCKET JOURNAL ENTRY and OPINION
{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.
 {¶ 2} Defendant-appellant Ricardo Gray ("Gray") appeals the trial court's denial of his motion for leave to file a motion for new trial. Finding no merit to this appeal, we affirm.
 {¶ 3} This is Gray's seventh appeal to this court in connection with his conviction and sentence for murder and felonious assault. In November 1998, he was indicted for aggravated murder and attempted aggravated murder, each with a firearm specification. A jury found him guilty of the lesser included offenses of murder and felonious assault, both with firearm specifications. The trial court imposed a prison term of fifteen years to life on the murder charge, five years on the felonious assault charge, and three years on the firearm specifications, to be served consecutively.
 {¶ 4} In his first appeal, this court affirmed his conviction, and the Ohio Supreme Court declined further review. See State v. Gray (July 27, 2000), Cuyahoga App. No. 76170 ("Gray I"); State v. Gray (2000), 90 Ohio St.3d 1469. Thereafter, Gray applied to reopen his appeal on the basis that his appellate counsel failed to raise certain arguments on appeal. We granted his application in part and reopened the case as to sentencing only. State v. Gray (Sept. 17, 2001), Cuyahoga App. No. 76170 ("Gray II"). Upon review, this court vacated Gray's sentence and remanded for sentencing in compliance with R.C. 2929.14(E). State v. Gray, Cuyahoga App. No. 76170, 2002-Ohio-1093 ("Gray III"). On remand, the trial court imposed the same sentence and Gray appealed. This court again vacated the sentence and remanded for another resentencing because the trial court had not conducted a new sentencing hearing and had not allowed Gray to speak on his own behalf at the sentencing hearing. State v. Gray, Cuyahoga App. No. 81474, 2003-Ohio-436 ("Gray IV").
 {¶ 5} Prior to the sentencing hearing, Gray moved for a new trial or, in the alternative, postconviction relief, based on "newly discovered evidence." He submitted the affidavits of Anthony Mixon and Arthur Jackson, Sr., who had testified at trial and identified Gray as the shooter. In their affidavits, however, they recanted their testimony and claimed they were coerced into testifying against Gray. After the trial court denied the motion, Gray appealed. This court affirmed the trial court's decision, finding that Gray's motion was untimely under Crim.R. 33 and R.C.2953.23, and that he failed to provide proof that the evidence would have provided a different result at trial. State v. Gray,
Cuyahoga App. No. 82841, 2003-Ohio-6643 ("Gray V").[1]
Gray appealed this court's decision but the Ohio Supreme Court declined further review. See State v. Gray,102 Ohio St.3d 1460, 2004-Ohio-2569.
 {¶ 6} While that appeal was pending, the trial court conducted a new sentencing hearing and imposed the same sentence. Gray appealed once again and this court affirmed the sentence.State v. Gray, Cuyahoga App. No. 83926, 2004-Ohio-5861 ("GrayVI").
 {¶ 7} After this court's decision in Gray V, Gray again moved for leave to file a motion for a new trial, asserting the same grounds stated in his original motion for a new trial. The trial court denied the motion, and Gray now appeals.
 {¶ 8} In his sole assignment of error, Gray argues that the trial court should have granted leave to file a motion for a new trial in order to prevent a manifest miscarriage of justice. He claims that his submission of "newly discovered evidence," through the affidavits of Anthony Mixon and Arthur Jackson, Sr., reveal that his conviction was based on perjured testimony and that a new trial is, therefore, required.
 {¶ 9} However, because this court has already addressed this issue in Gray V and found that Gray is not entitled to a new trial, the doctrine of res judicata bars any further consideration. See State v. Szefcyk, 77 Ohio St.3d 93,1996-Ohio-337; State v. Perry (1967), 10 Ohio St.2d 175. It is well-established that "under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment." Perry, supra, at 180. Accordingly, we find that the trial court did not abuse its discretion in denying Gray leave to file a second motion for a new trial because he failed to raise any issue different from the issues this court previously adjudicated.
 {¶ 10} The sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant the costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, P.J. and Sweeney, J. Concur.
[1] In Gray V, this court noted that a motion for leave is a necessary prerequisite for filing a delayed motion for a new trial. We mistakenly stated that Gray failed to file a motion for leave. However, this observation was mere dictum and not the basis for this court's affirmance of the trial court's decision.