JOURNAL ENTRY AND OPINION
{¶ 1} Relator-appellant, Arthur Tyler, appeals from the trial court's orders granting the motions to dismiss of respondents-appellees Jim Petro, former Ohio Attorney General, and William D. Mason, Cuyahoga County Prosecutor. We affirm.
 {¶ 2} In 1983, Tyler and respondent-appellee Leroy Head were indicted on one count of aggravated murder with felony-murder and firearm specifications, and one count of aggravated robbery, for the murder of Sander Leach. Head pleaded guilty to aggravated murder and aggravated robbery, and the death penalty specification was dismissed. Tyler went to trial twice (his first conviction was reversed due to ineffective assistance of counsel); each time, he was convicted of all charges and specifications and sentenced to death. This court and the Supreme Court of Ohio affirmed Tyler's conviction and death sentence. State v.Tyler (Dec. 27, 1984), Cuyahoga App. No. 47533; State v. Tyler (Feb. 11, 1988), Cuyahoga App. No. 51696; and State v. Tyler (1990),50 Ohio St.3d 24.
 {¶ 3} Leroy Head's testimony that Tyler murdered Leach was critical to the State's prosecution at both of Tyler's trials. Since Tyler's second trial, however, Head has repeatedly recanted his testimony, twice in the form of sworn affidavits. These recantations are consistent with statements that Head initially gave to investigating officers, family and friends that he alone committed the offenses against Sander Leach.
 {¶ 4} In 1999, after exhausting his direct appeals and available collateral *Page 5 
actions in the state courts, Tyler filed for a writ of habeas corpus in federal court. In April 2000, Federal District Court Judge David A. Katz granted leave for Tyler's counsel to take Head's deposition. When counsel deposed Head, however, he refused to answer any questions, citing his Fifth Amendment privilege against self-incrimination.
 {¶ 5} Tyler then filed a motion in federal court to compel Head's testimony. William Mason, Cuyahoga County Prosecutor, refused to extend immunity to Head in exchange for his testimony and then Attorney General Betty Montgomery refused Judge Katz's request to recommend that the Cuyahoga County Prosecutor grant immunity to Head. Judge Katz subsequently denied Tyler's motion to compel, citing lack of jurisdiction to compel a state or county prosecutor to grant immunity.
 {¶ 6} Tyler then filed a complaint for a writ of mandamus in the common pleas court, requesting the court to order then Attorney General Petro (who had replaced Montgomery) and Cuyahoga County Prosecutor Mason to grant immunity to Leroy Head. Petro and Mason both filed motions to dismiss for failure to state a claim upon which relief in mandamus could be granted, which the trial court subsequently granted. Tyler now appeals.
 {¶ 7} "Under Civ.R. 12(B)(6), dismissal for failure to state a claim upon which relief can be granted is proper if, after all material factual allegations of the complaint are presumed true and all reasonable inferences are made in appellants' favor, it appears beyond doubt that they could prove no set of facts warranting the requested *Page 6 
extraordinary relief in mandamus." State ex rel. MetroHealth Med. Ctr.v. Sutula, 110 Ohio St.3d 201, 2006-Ohio-4249, at ¶ 7
 {¶ 8} When reviewing a judgment granting a Civ.R. 12(B)(6) motion for failure to state a claim upon which relief can be granted, an appellate court must independently review the complaint to determine if dismissal was appropriate and need not defer to the trial court's decision.Simpson v. Lakewood, Cuyahoga App. No. 82624, 2003-Ohio-4963, at ¶ 19.
 {¶ 9} In order for a court to issue a writ of mandamus, the relator must establish each prong of the following three-part test: 1) the relator possesses a clear legal right to the relief requested; 2) the respondent possesses a clear legal duty to perform the act demanded by relator; and 3) the relator does not possess a plain and adequate remedy in the ordinary course of law. State ex rel. Carter v. Wilkinson (1994),70 Ohio St.3d 65.
 {¶ 10} "`In mandamus proceedings, the creation of the legal duty that a relator seeks to enforce is the distinct function of the legislative branch of government, and courts are not authorized to create the legal duty enforceable in mandamus.'" State ex rel. Boccuzzi v. Cuyahoga Cty.Bd. of Commrs., 112 Ohio St.3d 438, 2007-Ohio-323, at T|18, quotingState ex rel. Lecklider v. School Emp. Retirement Sys.,104 Ohio St.3d 271, 2004-Ohio-6586.
 {¶ 11} Mandamus cannot be used to compel the performance of a discretionary act. State ex rel. Niles v. Bernard (1978),53 Ohio St.2d 31, 34. "The *Page 7 
most that a court can do in mandamus is to command the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station, when a clear right to such performance is presented."State ex rel. Stanley v. Cook (1948), 146 Ohio St. 348, 365.
 {¶ 12} A court's sole authority for granting immunity is regulated by R.C. 2945.44, which provides in relevant part:
 {¶ 13} "(A) In any criminal proceeding in this state * * *, if a witness refuses to answer or produce information on the basis of his privilege against self-incrimination, the court of common pleas of the county in which the proceeding is being held, unless it finds that to do so would not further the administration of justice, shall compel the witness to answer or produce the information, if both of the following apply:
 {¶ 14} "(1) The prosecuting attorney of the county in which the proceedings are being held makes a written request to the court of common pleas to order the witness to answer or produce the information, notwithstanding his claim of privilege;
 {¶ 15} "(2) The court of common pleas informs the witness that by answering, or producing the information he will receive immunity under division (B) of this section.
 {¶ 16} "(B) If, but for this section, the witness would have been privileged to withhold an answer or any information given in any criminal proceeding, and he complies with an order under division (A) of this section compelling him to give an *Page 8 
answer or to produce any information, he shall not be prosecuted or subjected to any criminal penalty in the courts of this state for or on account of any transaction or matter concerning which, in compliance with the order, he gave an answer or produced any information."
 {¶ 17} In State ex rel. Leis v. Outcalt (1982), 1 Ohio St.3d 147, the Ohio Supreme Court held that, under this statute, a trial court may exercise its discretion to grant or deny immunity only when 1) the witness first refuses to answer upon a claim of privilege against self-incrimination and 2) the prosecuting attorney makes a written request to order the witness to testify. The Supreme Court noted that under former R.C. 2945.44, immunity could be granted upon the request of either the prosecutor or the defendant, but "the present statute * * * clearly reflects the intent of the General Assembly that immunity be used only as a prosecutorial tool to fulfill the government's need for testimony." Id. at 149. Thus, in Outcalt, the Supreme Court held that the trial court had erred in granting immunity at the defendant's request, over the prosecutor's objection.
 {¶ 18} In this case, the Cuyahoga County Prosecutor did not request immunity for Head from the common pleas court, and has indicated that he does not intend to do so. There is nothing in R.C. 2945.44 that requires the Prosecuting Attorney to request immunity for a witness in any given case; the decision is discretionary. Moreover, as former Attorney General, respondent Petro lacked any statutory authority under R.C. 2945.445 to grant Head immunity nor did he have any authority *Page 9 
to invade the province of a county prosecutor. See R.C. 109.02; Duties as a Chief Law Officer.
 {¶ 19} Although we may agree with relator's assertion that the Prosecuting Attorney should seek justice in this case by granting Head immunity,[1] without any statutory authority to justify the requested relief, the trial court had no authority to order the County Prosecutor to grant Head immunity. Accordingly, the trial court properly granted respondents' motions to dismiss this action for failure to state a claim upon which relief in mandamus could be granted.
Affirmed.
It is ordered that appellees recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANTHONY O. CALABRESE, JR., P.J., and ANN DYKE, J., CONCUR
[1] "A public prosecutor * * * must consider the public interest which lies as much in seeing justice done in every case as in the successful prosecution of any particular case." Polo Fashions, Inc. v. Stock BuyersInternatl. Inc. (1985), 760 F.2d 698, 704. *Page 1