[Cite as *State v. Gray*, 2012-Ohio-2194.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97007**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## LARRY GRAY

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-487147

**BEFORE:** Cooney, J., Jones, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** May 17, 2012

**ATTORNEY FOR APPELLANT**

John F. Corrigan
19885 Detroit Rd., #335
Rocky River, OH 44116


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By: Daniel T. Van
Mark J. Mahoney
Katherine Mullin
Assistant County Prosecutors
8th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

COLLEEN CONWAY COONEY, J.:

{¶1} Defendant-appellant, Larry Gray ("Gray"), appeals the trial court's denial of his motion for a new trial. Finding no merit to the appeal, we affirm.

{¶2} In January 2008, Gray was convicted of aggravated murder, with a three-year firearm specification, and of having a weapon while under disability. He was sentenced to 28 years to life in prison. Gray appealed, and his convictions were affirmed by this court in *State v. Gray*, 8th Dist. No. 90981, 2009-Ohio-1782.

{¶3} In August 2009, Gray filed a motion for a new trial on the grounds of newly discovered evidence. Attached to his motion was an affidavit from Brian Donan ("Donan"), an inmate who confessed to being the shooter involved in the death of DeJuan Harvey, the victim in Gray's case. The trial court denied his motion, and Gray failed to appeal.

{¶4} In October 2009, Gray moved again for a new trial based on the same grounds as his previous motion but with a new affidavit to support his claim. He submitted an affidavit in which Danuielle Love ("Love") recanted her trial testimony and, for the first time, alleged that Gray was not the shooter as she had previously stated. Instead, Love's affidavit stated that her boyfriend at the time of the incident, Adrian Robinson, was the shooter. The trial court denied this motion, and Gray timely appealed. We reversed the trial court's decision to deny his motion, finding that the trial

court abused its discretion in failing to hold a hearing on the motion. *State v. Gray*, 8th Dist. No. 94282, 2010-Ohio-5842. The case was remanded, a hearing was held, and the court denied Gray's motion.

{¶5} Gray now appeals, raising two assignments of error. He argues in his first assignment of error that the hearing failed to comport with due process.

{¶6} A motion for a new trial is addressed to the sound discretion of the trial court and will be granted or denied as the justice of the case requires. *State v. Schiebel*, 55 Ohio St.3d 71, 564 N.E.2d 54 (1990), paragraph one of the syllabus. We will not reverse a lower court's refusal to grant a new trial unless there has been an abuse of that discretion and unless it appears that the matter asserted as a ground for a new trial materially affects the substantial rights of the defendant. Crim.R. 33. An abuse of discretion connotes more than an error of judgment; it implies that the trial court's attitude was arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶7} At the start of the hearing on Gray's motion for a new trial, Gray's counsel withdrew Donan's affidavit based on evidence that showed Donan was incarcerated at the time of the murder. Defense counsel proceeded based on Love's remaining affidavit.

{¶8} In anticipation of Love's potentially perjuring herself on the stand, the State inquired as to whether Love was in need of counsel. The court informed Love that if she were to testify as to the facts set forth in her affidavit, she would be committing perjury by contradicting her original testimony at trial. Although Love stated that she

did not need an attorney and was prepared to testify, the trial court took a brief recess and instructed appointed counsel to speak with Love regarding perjury.

**{¶9}** Following their discussion, Love took the stand and testified that although the signature on the affidavit was hers, she had not prepared it and did not make the statements recanting her trial testimony. She surmised that she had signed another piece of paper and that someone had transposed her signature to the affidavit without her consent. Love reiterated her trial testimony that Gray was responsible for the death of Harvey.

**{¶10}** In addition, Erica Evans ("Evans") testified at the hearing that she had notarized Love's affidavit. However, she could not recall Love actually signing the document in her presence. Moreover, the State presented evidence in its brief to the trial court that Evans was not a valid notary at the time the affidavit was signed due to a forgery conviction.

**{¶11}** Gray argues that the hearing on his motion for a new trial violated his due process rights because Love was coerced into recanting the statements contained in her affidavit. Gray argues that the hearing was conducted "in an atmosphere of intimidation." However, after a thorough review of the record, there is no evidence that Love was coerced into recanting the statements contained in her affidavit. Moreover, there is no evidence in the record of any intimidation of Love nor of any threats made by the State regarding the potential for perjury.

{¶12} Although Gray offered an affidavit in which Love seemingly recanted her original trial testimony, Love was adamant at the hearing that she was indeed truthful at trial and that she had not prepared the affidavit Gray presented. Newly discovered evidence which purportedly recants testimony given at trial is looked upon with the utmost suspicion and must be viewed with strict scrutiny. *State v. Bradley*, 101 Ohio App.3d 752, 758-59, 656 N.E.2d 721 (8th Dist.1995). *See also State v. Smith*, 8th Dist. No. 78229, 2001 WL 498768 (May 10, 2001), and *State v. Braun*, 8th Dist. No. 95271, 2011-Ohio-1688.

{¶13} Thus, given the trial court's broad discretion in determining whether to grant a new trial and the fact that the trial court heard the witnesses' testimony in addition to reviewing the affidavits, we find no grounds to disturb the trial court's finding the affidavit not credible. Determinations of the credibility of witnesses are primarily for the trial court as the trier of fact. *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), syllabus.

{¶14} We find no evidence of coercion or threats made to Love and, thus, find no violation of Gray's due process rights. Furthermore, the trial court did not abuse its discretion in denying Gray's motion for a new trial based on the evidence submitted at the hearing.

{¶15} Accordingly, the first assignment of error is overruled.

{¶16} In his second assignment of error, Gray argues that his counsel was ineffective for failing to seek immunity for Danuielle Love at the hearing.

{¶17} To reverse a conviction for ineffective assistance of counsel, the defendant must prove "(1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome of the proceeding." *State v. Madrigal*, 87 Ohio St.3d 378, 388-389, 721 N.E.2d 52 (2000), citing *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

{¶18} A court's sole authority for granting immunity is regulated by R.C. 2945.44, which provides in relevant part:

(A) In any criminal proceeding in this state * * *, if a witness refuses to answer or produce information on the basis of his privilege against self-incrimination, the court of common pleas of the county in which the proceeding is being held, unless it finds that to do so would not further the administration of justice, shall compel the witness to answer or produce the information, if both of the following apply:

(1) The prosecuting attorney of the county in which the proceedings are being held makes a written request to the court of common pleas to order the witness to answer or produce the information, notwithstanding his claim of privilege;

(2) The court of common pleas informs the witness that by answering, or producing the information he will receive immunity under division (B) of this section.

(B) If, but for this section, the witness would have been privileged to

withhold an answer or any information given in any criminal proceeding,

and he complies with an order under division (A) of this section compelling

him to give an answer or to produce any information, he shall not be

prosecuted or subjected to any criminal penalty in the courts of this state for

or on account of any transaction or matter concerning which, in compliance with the order, he gave an answer or produced any information.

{¶19} In *State ex rel. Leis v. Outcalt*, 1 Ohio St.3d 147, 438 N.E.2d 443 (1982), the Ohio Supreme Court held that, under this statute, a trial court may exercise its discretion to grant or deny immunity only when 1) the witness first refuses to answer upon a claim of privilege against self-incrimination and 2) the prosecuting attorney makes a written request to order the witness to testify. The Supreme Court noted that under former R.C. 2945.44, immunity could be granted upon the request of either the prosecutor or the defendant, but "the present statute * * * clearly reflects the intent of the General Assembly that immunity be used only as a prosecutorial tool to fulfill the government's need for testimony." *Id*. at 149.

{¶20} In the instant case, Love did not refuse to answer based on a claim of privilege against self-incrimination, even after discussing with her counsel the court's concerns regarding perjury. Moreover, the prosecuting attorney made no written request to order Love to testify. It is clear from the record that Love chose to testify at the hearing of her own volition, without hesitation.

{¶21} Thus, Gray fails to substantiate his claims for ineffective assistance of counsel with any evidence from the record. There is no evidence that his counsel's performance fell below an objective standard of reasonableness when he failed to seek immunity for Love.

{¶22} Accordingly, the second assignment of error is overruled.

{¶23} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
COLLEEN CONWAY COONEY, JUDGE

LARRY A. JONES, SR., P.J., and
MARY EILEEN KILBANE, J., CONCUR