[Cite as *State v. Smith*, 2014-Ohio-4799.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No. 100588

---

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**TAUNEE SMITH**

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED IN PART, VACATED IN PART,
AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-11-557838-A

**BEFORE:** E.A. Gallagher, J., Rocco, J., and Stewart, J.

**RELEASED AND JOURNALIZED:** October 30, 2014

**ATTORNEY FOR APPELLANT**

Aaron T. Baker
Aaron T. Baker Company, L.P.A.
38109 Euclid Avenue
Willoughby, Ohio 44094


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY: Daniel T. Van
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

EILEEN A. GALLAGHER, J.:

{¶1} Defendant-appellant Taunee Smith appeals the trial court's denial of his motion for a new trial and resentencing. For the following reasons we affirm in part, vacate in part, and remand.

{¶2} On March 30, 2012, following a jury trial, Smith was convicted of murder, two counts of aggravated burglary and four counts of kidnapping. Smith was also found to be guilty by the trial court of having weapons while under disability. The trial court sentenced Smith to 15 years to life for murder, ten years for aggravated burglary, ten years for kidnapping, and three years for having a weapon while under disability, all to be served consecutively.

{¶3} This court affirmed all but one of Smith's convictions in *State v. Smith*, 8th Dist. Cuyahoga No. 98280, 2013-Ohio-576 and reversed the trial court's imposition of consecutive sentences due to its failure to make the required findings. The matter was remanded for resentencing on that issue.

{¶4} On March 18, 2013, prior to resentencing, and 355 days after the verdict, Smith filed a pro se motion for a new trial pursuant to Crim.R. 33 based on an attached affidavit of one of his codefendants, William Lee, who recanted his trial testimony identifying Smith as one of the men involved in the murder of DeJohn Dammons.

{¶5} On April 15, 2013, the trial court held a resentencing hearing pursuant to this court's remand. The trial court made the required findings and imposed consecutive sentences. However, the trial court also imposed sentences related to the three-year firearm specifications attached to the murder, aggravated burglary and kidnapping counts despite the fact that Smith was found not guilty of each firearm specification. Finally, the trial court summarily denied Smith's motion for a new trial. This appeal followed.

**{¶6}** Smith's first assignment of error states:

> The trial court engaged in an abuse of discretion when it denied appellant's motion for a new trial without reasoning, analysis, or a hearing.

**{¶7}** Crim.R. 33(A)(6) permits a convicted defendant to file a motion for a new trial upon grounds that new evidence material to the defense has been discovered that the defendant could not, with reasonable diligence, have discovered and produced at trial. Pursuant to Crim.R. 33, motions for a new trial based on newly discovered evidence shall be filed within 120 days of the verdict. A defendant who seeks a new trial after the 120-day time period must first obtain leave from the trial court, demonstrating in that motion, by clear and convincing evidence, that he or she was unavoidably prevented from timely filing the motion for a new trial or discovering the new evidence within the time period provided by Crim.R. 33(B). "[A] party is unavoidably prevented from filing a motion for a new trial if the party had no knowledge of the existence of the ground supporting the motion for a new trial and could not have learned of the existence of that ground within the time prescribed for filing the motion for new trial in the exercise of reasonable diligence." *State v. Walden*, 19 Ohio App.3d 141, 145-146, 483 N.E.2d 859 (10th Dist.1984).

**{¶8}** A Crim.R. 33 motion for a new trial is addressed to the sound discretion of the trial court and will not be reversed absent an abuse of discretion. *State v. Schiebel*, 55 Ohio St.3d 71, 77, 564 N.E.2d 54 (1990). An abuse of discretion implies the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1993).

**{¶9}** In this instance, Smith failed to file a motion seeking leave to file his motion for a new trial. A motion for leave is a necessary prerequisite for filing a delayed motion for a new

trial. *State v. Gray*, 8th Dist. Cuyahoga No. 84677, 2004-Ohio-7030, fn. 1. Because Smith filed his motion for a new trial without first seeking leave of court, he failed to comply with the necessary procedural steps set forth in Crim.R. 33(B). As a result, the trial court properly overruled his motion for a new trial. *See State v. Norman*, 10th Dist. Franklin No. 04AP-1312, 2005-Ohio-5087, at ¶ 8 (defendant's failure to obtain leave of court was a sufficient basis for overruling motion); *State v. Mir*, 7th Dist. Mahoning No. 12 MA 210, 2013-Ohio-2880, ¶ 12 (appellant's failure to file a motion for leave is reason enough to sustain the trial court's decision); *State v. Tucker*, 8th Dist. Cuyahoga No. 95556, 2011-Ohio-4092, ¶ 29; *State v. Bates*, 10th Dist. Franklin No. 07AP-753, 2008-Ohio-1422.

{¶10} To warrant the granting of a motion for a new trial in a criminal case, based on the grounds of newly discovered evidence,

> it must be shown that the new evidence (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence.

*State v. Barnes*, 8th Dist. Cuyahoga No. 95557, 2011-Ohio-2917, ¶ 23, quoting *State v. Petro*, 148 Ohio St. 505, 76 N.E.2d 370 (1947), syllabus.

{¶11} When a defendant moves for a new trial based upon grounds of newly discovered evidence consisting of a recantation of witness trial testimony, the trial court must determine which of the contradictory testimonies of the recanting witness is credible and true and whether the recanted testimony would have materially affected the outcome of the trial. *State v. Rieke*, 8th Dist. Cuyahoga No. 71237, 1997 Ohio App. LEXIS 3692 (August 14,1997); *State v. Rossi*, 2d Dist. Montgomery No. 24740, 2012-Ohio-2545, ¶17, quoting *Toledo v. Easterling*, 26 Ohio App.3d 59, 498 N.E.2d 198 (6th Dist. 1985).

**{¶12}** Even if Smith had properly moved for and obtained leave to file his delayed motion for a new trial, the evidence in the record is such that the trial court would have summarily denied Smith's motion for a new trial. *State v. Alexander*, 11th Dist. Trumbull No. 2011-T-0120, 2012-Ohio-4468. Crim.R. 33 does not require a hearing on the motion for a new trial. *State v. Sailor*, 8th Dist. Cuyahoga No. 100009, 2014-Ohio-1062, ¶ 16. To warrant a hearing, the newly discovered evidence must present a strong possibility that a new trial might reach a different result. *Id.*

**{¶13}** Newly discovered evidence that purportedly recants testimony given at trial is looked upon with the utmost suspicion and must be viewed with strict scrutiny. *State v. Gray*, 8th Dist. Cuyahoga No. 97007, 2012-Ohio-2194, ¶12-13. Recantation of prior testimony by an important witness for the state is not, by itself, grounds for a new trial. *State v. Bradley*, 101 Ohio App.3d 752, 758, 656 N.E.2d 721 (8th Dist.1995).

**{¶14}** In *State v. Alexander*, 11th Dist. Trumbull No. 2011-T-0120, 2012-Ohio-4468, the court held that a witness's recantation failed to demonstrate that it would have "materially affected the outcome of the trial," or disclose a strong probability that it would change the result if a new trial was granted, where, as here, other witnesses implicated the defendant in the murder.

**{¶15}** We reach the same conclusion as the *Alexander* court in this instance. Smith was identified at trial by Dammons' fiancée as the individual involved in the shooting. Although William Lee recanted his trial testimony against Smith, two of the other men involved in Dammons' murder, Chrishawn Slade and Leonte Comity, identified Smith as the fourth man involved in the shooting. Furthermore, the state introduced evidence of a failed attempt by Smith to manufacture an alibi for himself for the night of the murder. Finally, although Lee now avers that his testimony against Smith was false, the veracity of Lee's trial testimony was

already called into question at trial by Smith through the testimony of Victor Parker who claimed that Lee had told him in jail that Smith was "just the fall guy."

**{¶16}** Considering the entirety of the record before us we cannot say that Lee's recantation would have materially affected the outcome of the trial or that it discloses a strong probability that it would change the result if a new trial were to be granted.

**{¶17}** Smith's first assignment of error is overruled.

**{¶18}** Smith's second assignment of error states:

The trial court erred in sentencing appellant on a three-year firearm specification under R.C. 2941.145 when appellant had been acquitted of the same by a jury.

**{¶19}** The state concedes this assignment of error.

**{¶20}** The trial court's erroneous imposition of sentence on the three-year firearm specification is hereby vacated.

**{¶21}** The judgment of the trial court is affirmed in part and vacated in part. The matter is remanded to the trial court to correct the sentencing journal entry to redact the sentences imposed for all firearm specifications.

It is ordered that appellee and appellant share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

KENNETH A. ROCCO, P.J., and
MELODY J. STEWART, J., CONCUR